**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated, | X : : | Civil Action No. 10-CIV-2515 |
| | : | "ECF" Case |
| Plaintiff, | : : | |
| | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : | OF MOTION FOR APPOINTMENT OF |
| | : | FUQI SHAREHOLDERS GROUP AS |
| FUQI INTERNATIONAL, INC., YU | : | LEAD PLAINTIFF AND APPROVAL OF |
| KWAI CHONG, and CHING WAN | : | ITS SELECTION OF COUNSEL |
| WONG, | : | |
| | : | |
| Defendants. | : | |
| | X | |

Movants Frank Ma, James Blanchard, Larry Harp, Walter Wagner and Raymond Kerlovich (the "Fuqi Shareholders Group"), by its counsel, respectfully submit this memorandum in support of its motion for the appointment of Fuqi Shareholders Group as lead plaintiff in this action and approval of their selection of lead and local counsel.

Pursuant to Section 21D(a)(3)(B)(i) and (ii) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(e)(B), Fuqi Shareholders Group moves to be appointed lead plaintiff of the purported class within 60 days of publication of a notice advising class members of the pendency of a securities class action.

Section 21D(a)(3)(B) of the Exchange act provides that the Court shall consider any motion by a purported class member to be appointed lead plaintiff "not later than 90 days after the date on which the notice is published," or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and that the Court "shall appoint as lead plaintiff the member or members of the purported class that

the court determines to be most capable of adequately representing the interests of class members…" 15 U.S.C. § 78u-4(a)(3)(B).

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Fuqi Shareholders Group now seeks to appoint itself as lead plaintiff, and for approval of its selection of counsel for the putative class of all purchasers of Fuqi securities between May 15, 2009 and March 17, 2010 (the "Class Period").  Fuqi Shareholders Group has a substantial financial interest in the vigorous prosecution of this action, having purchased 21,491 shares of Fuqi stock for a cost of $630,356.33.  *See* Exhibit 1 to Declaration of Leigh R. Lasky ("Lasky Declaration").  Based on the price at the end of the class period, Fuqi Shareholders Group's loss is $444,019.50.  Fuqi Shareholders Group is unaware of any other individual or entity seeking appointment as lead plaintiff representing a larger financial interest in the relief sought by the class.

As set forth below, the PSLRA requires that the Court adopt the presumption that the most adequate plaintiff is the shareholder that has either filed a complaint or moved for lead plaintiff, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23.  Fuqi Shareholders Group submits that it satisfies each of these requirements, timely sought to be appointed as lead plaintiff through the instant motion, have the largest financial interest of any other proposed lead plaintiff in the case, and otherwise satisfy the requirements of Rule 23.

## II.    LEGAL ARGUMENT

### A. Fuqi Shareholders Group is the Most Adequate Plaintiff Under § 21D of the Exchange Act and Should Therefore be Appointed Lead Plaintiff

Section 21D(a)(3)(B)(iii) of the Securities Exchange Act establishes a rebuttal presumption that the "most adequate plaintiff" for the purposes of appointment as lead plaintiff is the person or persons that:

(aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (a)(i);

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 197 (S.D.N.Y. 2006).

Fuqi Shareholders Group meets all three of these criteria. Thus, the group is the proper presumptive lead plaintiff for the Fuqi Corporation class action.

### B. Fuqi Shareholders Group Makes This Motion Within 60 Days of Publication of Notice

Plaintiff City of Roseville Employees' Retirement System published its Notice on February 5, 2010. Fuqi Shareholders Group brings this motion pursuant to 15 U.S.C. § 78u-4 (a)(3)(A)(i) within 60 days of such publication.

### C. Fuqi Shareholders Group Has the Largest Financial Interest in the Relief Sought

In analyzing financial interest, a broad body of case law in the Second Circuit establishes four key factors should guide the Court's determination. These factors include: (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by

the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See In re Veeco Instr. Inc. Sec. Litig.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005). Based on these factors, Fuqi Shareholders Group believes that they have the largest financial interest of any lead plaintiff movant before this Court.

During the Class Period, Fuqi Shareholders Group is reflected in the fact that they purchased 21,491of Fuqi common stock in the Class Period at a cost of $630,356.33 and resulting in approximate damage to the group of $444,019.50.   *See* Exhibit 2 to Lasky Declaration.  It is evident that Fuqi Shareholders Group sustained losses, calculated under the PSLRA, of $444,019.50 as a result of defendants' misconduct and the subsequent market correction of prices of Fuqi stock.  In light of this large financial interest, Fuqi Shareholders Group believes they are entitled to the statutory presumption as the most adequate plaintiff and should be appointed Lead Plaintiff in this Action.

### D.  Fuqi Shareholders Group Otherwise Satisfies the Requirements of Rule 23

Section 21(D)(a)(3)(B)(iii)(cc) of the Exchange Act further provides that the lead plaintiff or plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. § 23(a).

Movant satisfies the requirements of the Exchange Act and the Federal Rules of Civil Procedure and as a result should be appointed lead plaintiff.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affection solely

individual members of the Class.  Further, all members of the Class sustained damages as a result of Defendants' wrongful conduct.  Fuqi Shareholders Group damages are typical of the claims of the members of the Class, and as lead plaintiff, Fuqi Shareholders Group will fairly and adequately protect the interests of the members of the Class.  Additionally, Movant has retained counsel competent and experienced in class action securities litigation.  *See* Lasky Declaration, Exhibits 4 and 5.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this class action.

These allegations, satisfy Fuqi Shareholders Group's burden of a prima facie showing that the Rule 23 requirements of numerosity, commonality, typicality, adequacy of representation, and superiority of a class action are satisfied.  *See* F.R.C.P. 23(a).  Moreover, of four prerequisities of class certification under Rule 23(a), only two – adequacy of representation and typicality – directly address the personal characteristics of the class representative/lead plaintiff, and are the only Rule 23 prerequisites, if any, the Court should focus on in appointing a lead plaintiff.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189, 191 (E.D. Pa. 2001).

### E.  Adequacy of Representation

Under Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. Fuqi Shareholders Group has selected and retained the law firm of Kendall Law Group, LLP as Lead Counsel and Lasky & Rifkind, Ltd. as Local Counsel.  Kendall Law Group and Lasky

Rifkind have extensive experience in successfully prosecuting complex securities actions, and are qualified to represent the class. *See* Lasky Declaration, Exhibits 4 and 5.

### F.  Typicality

The typicality requirement of Rule 23(a)(3) is satisfied when a plaintiff has: 1) suffered the same or similar injuries as the absent class members; 2) the injuries result from the same course of conduct by defendant's and 3) the claims are based on the same legal theories.  Fuqi Shareholders Group satisfies the typicality requirement, since they purchased Fuqi common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions. *See Glauser v. EVCI Career Colleges Holdings Corp.,* 236 F.R.D. at 189.

### G.  The Presumption in Favor of Fuqi Shareholders Group Has Not Been Rebutted

The presumption in favor of appointed Fuqi Shareholders Group as lead plaintiff may be rebutted only upon proof "by a member of the purported plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Section 21(D)(a)(3)(B)(iii)(II); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

There has been no showing by any other purported lead plaintiff that Fuqi Shareholder Group will not adequately protect the interests of the Class or that he is subject to unique defense that render it incapable of representing the Class.  Thus, Fuqi Shareholders Group should be appointed lead plaintiff in this matter.

III.    <u>**CONCLUSION**</u>

For the foregoing reasons, movant respectfully requested that this Court appoint Fuqi Shareholders Group as lead plaintiff in these actions and any subsequently-filed related actions and approve their selection of the law firm of Kendall Law Group, LLP as lead counsel and Lasky & Rifkind, Ltd. as Local Counsel for the class.

Dated:  April 6, 2010                                      Respectfully Submitted,


                                                    /s/ Leigh Lasky
                                          _____
                                          Leigh Lasky
                                          LASKY & RIFKIND, LTD.
                                          140 Broadway, 23rd Floor
                                          New York, New York 10005
                                          Telephone:  212-907-0800
                                          Facsimile:  212-684-6083

                                          -and-

                                          Joe Kendall
                                          Hamilton Lindley
                                          KENDALL LAW GROUP, LLP
                                          3232 McKinney Avenue, Suite 700
                                          Dallas, Texas 75204
                                          Telephone:  214-744-3000
                                          Facsimile:  214-744-3015

                                          **Attorneys for Fuqi Shareholders Group**

## <u>CERTIFICATE OF SERVICE</u>

I, Leigh Lasky, hereby certify that on May 17, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.  All counsel of record were served via the ECF system with a Notice of Filing Pursuant to the local rules on electronic filing.

/s/ Leigh Lasky

_____

Leigh Lasky