UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-2515 (DAB)** |
| ROBERT M. HODGE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-2544 (DAB)** |
| THOMAS MARKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, and CHARLENE HUA,<br><br>    Defendants. | **Civil Action No. 10-cv-2556 (DAB)** |

(Captions continued on subsequent pages.)

**MEMORANDUM OF LAW IN SUPPORT OF WALDEMAR
MAUER'S MOTION TO CONSOLIDATE THE RELATED
ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF HIS SELECTION OF COUNSEL FOR THE CLASS</u>**

| | |
|---|---|
| JOEL A. HOFFLICH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FUQI CORPORATION, YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILLY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, HAIYONG JEFF LIU, WILLIAM BLAIR & COMPANY, COWEN & COMPANY, and OPPENHEIMER & CO.,<br><br>    Defendants. | **Civil Action No. 10-cv-2610 (DAB)** |
| CARLTON COWIE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-2611 (DAB)** |
| FUCHSBERG INVESTMENT PARTNERS, On Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-2639 (DAB)** |

| | |
|---|---|
| TAMY DEE THOMPSON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & COMPANY, OPPENHEIMER & CO., INC. and COWEN & COMPANY, LLC.,<br><br>    Defendants. | **Civil Action No. 10-cv-2640 (DAB)** |
| HAI RONG YANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-2654 (DAB)** |
| HARRY POGASH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, and CHARLENE HUA,<br><br>    Defendants. | **Civil Action No. 10-cv-2885 (DAB)** |

| | |
|---|---|
| SIDNEY GLICK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>    Defendants. | **Civil Action No. 10-cv-3007 (DAB)** |
| MICHAEL D. COOPER, JR. Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & COMPANY, L.L.C., OPPENHEIMER & CO., INC. and COWEN & COMPANY, LLC.,<br><br>    Defendants. | **Civil Action No. 10-cv-3024 (DAB)** |

Waldemar Mauer ("Mauer") respectfully submits this memorandum in support of his motion for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mauer as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA")[1]; (3) approving his selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Mauer believes that he is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of investors in this action. As set forth in more detail below, Mauer has a significant financial interest in the outcome of this litigation, having sustained losses of $577,755 on his purchases of Fuqi International, Inc. ("Fuqi" or the "Company") securities during the Class Period (as defined herein). The Certification required by the PSLRA setting forth Mauer's transactions in Fuqi is attached hereto as Exhibit 2. A chart reflecting the calculation of Mauer's losses is attached hereto as Exhibit 3. At this time, Mauer believes that he is the movant with the largest financial stake in the outcome of this class action.

## FACTUAL BACKGROUND

Fuqi is a leading designer of high quality precious metal jewelry in China, developing, promoting, and selling a broad range of products in the large and rapidly expanding Chinese

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical. For the purpose of convenience, all citations to these provisions herein will be to the Exchange Act.

luxury goods market. The Company is incorporated in Delaware. Its shares are traded on the NASDAQ and the Company files financial reports with the SEC.

Throughout the Class Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company's financial results were artificially inflated due to Fuqi's material misstatements involving the accounting of the Company's inventory and cost of sales where it understated the cost of sales and overstated gross profit and net income; (2) that the Company's internal and disclosure controls with respect to its inventory and cost of sales were materially deficient; (3) as a result of the foregoing, Fuqi's financial statements were not fairly presented in conformity with United States Generally Accepted Accounting Principles ("GAAP") and were materially false and misleading; and (4) based on the foregoing, Defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On March 16, 2010, after the market closed, the Company disclosed that Fuqi had identified certain errors related to the accounting of the Company's inventory and cost of sales and that the result of the accounting errors was expected to have a material impact on the Company's previously issued quarterly financial statements for the first three quarters of 2009. The Company informed investors that, as a result, Fuqi's financial statements for the first three quarters of 2009 should no longer be relied upon and that the Company intended to file amendments disclosing the effect of the accounting errors.

The disclosures on March 16, 2010 caused Fuqi's securities to decline by $7.10 per share or more than 37%, to close on March 17, 2010 at $11.90 per share, on unusually heavy volume.

A total of at least eleven securities class action[2] have been filed in the Southern District of New York. Ten of the eleven actions are filed on behalf of persons who purchased or otherwise acquired Fuqi securities during the period between May 15, 2009 and March 16, 2010 (the "Class Period").[3] All raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period. Three of the actions[4] also assert claims under Sections 11, 12(a)(2), and (15) of the Securities Act of 1933 ("Securities Act") in connection with a registered secondary public offering of 5,581,395 shares of Fuqi securities at $21.50 per share totaling over $100 million (the "Offering"), pursuant to a registration statement on Form S-3 and prospectus. The Offering closed on or about August 5, 2009.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

---

[2] The actions are entitled: *Mahapatra v. Fuqi International et al.*, Civil Action No. 10-cv-2515 (DAB); *Hodge v. Fuqi International et al.*, Civil Action No. 10-cv-2544 (DAB); *Markey v. Fuqi International et al.*, Civil Action No. 10-cv-2556 (DAB); *Hofflich v. Fuqi Corp. et al.*, Civil Action No. 10-cv-2610 (DAB); *Cowie v. Fuqi International, et al.*, Civil Action No. 10-cv-2611 (DAB); *Fuchsberg Investment Partners v. Fuqi International, et al.*, Civil Action No. 10-cv-2639 (DAB); *Thompson v. Fuqi International, Inc.*, 10-cv-2640 (DAB); *Yang v. Fuqi International, Inc.*, 10-cv-2654 (DAB); *Pogash v. Fuqi International, Inc.*, 10-cv-2885 (DAB); *Glick v. Fuqi International, Inc.*, 10-cv-3007 (DAB); and *Cooper v. Fuqi International, Inc.*, 10-cv-3024 (DAB).

[3] The *Hodge* action has a class period of May 15, 2009 through March 17, 2010.

[4] Those actions are the *Hofflich*, *Thompson*, and *Cooper* actions.

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed...." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from Fuqi's disclosure concerning certain errors related to the accounting of the Company's inventory and cost of sales. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.   MAUER SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 Fed. Sec. L. Rep. (CCH) ¶ 94,791 (S.D.N.Y. July 16, 2008).

As set forth below, Mauer satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff to lead the Class and, therefore, should be appointed Lead Plaintiff.

### A. Mauer Is Willing to Serve as Lead Plaintiff

On March 19, 2010, counsel in the filed action against the defendants, styled *Hodge v. Fuqi International, Inc. et al.*, Case No. 10-cv-2544-DAB, caused a notice ("Notice") to be published over *Business Wire* pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative class members that they had until May 18, 2010, to file a motion to be appointed as Lead Plaintiff. *See* Notice attached hereto as Exhibit 1.

Mauer has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Certification attached hereto as Exhibit 2. Accordingly, Mauer satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Mauer Has The "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

Mauer believes that he is the largest financial interest of any of the movants with regard to the relief sought by the Class. Mauer (1) purchased 55,500 shares and sold call options of Fuqi securities; (2) spent $1,350,235 on his purchases of Fuqi securities; (3) retained 40,500 shares of Fuqi securities; and (4) loss $577,755 as a result of the disclosure of the fraud. *See* Chart attached hereto as Exhibit 3. Because Mauer possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. Mauer Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

Mauer fulfills all of the requirements of Rule 23. Mauer shares substantially similar questions of law and fact with the members of the Class, and his claims are typical of the members of the class. Mauer, as did all of the members of the Class, purchased Fuqi securities during the Class Period at prices artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Mauer and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Mauer's motion to serve as Lead Plaintiff of the Class.

> **D.    Mauer Would Fairly and Adequately Represents the Interests of the Class and Are Not Subject to Unique Defenses.**

The presumption in favor of appointing Mauer as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mauer's ability and desire to fairly and adequately represent the Class have been discussed above. Mauer is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Mauer should be appointed Lead Plaintiff for the Class.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mauer has selected the Pomerantz law firm as Lead Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Pomerantz Resume attached hereto as Exhibit 4. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Mauer's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Mauer's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Mauer respectfully requests the Court to issue an Order (a) consolidating the related actions; (b) appointing Mauer as Lead Plaintiff for the Class; (c) approving the Pomerantz firm as Lead Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: May 18, 2010
New York, New York

                          Respectfully submitted,

                          **POMERANTZ HAUDEK**
                            **GROSSMAN & GROSS LLP**

                        /s/ Marc I. Gross
                        Marc I. Gross
                        Jeremy A. Lieberman
                        100 Park Avenue
                        New York, New York 10017
                        Telephone: (212) 661-1100
                        Facsimile: (212) 661-8665

                        **POMERANTZ HAUDEK**
                          **GROSSMAN & GROSS LLP**
                        Patrick V. Dahlstrom
                        Ten South LaSalle Street, Suite 3505
                        Chicago, Illinois 60603
                        Telephone:   (312) 377-1181
                        Facsimile:   (312) 377-1184

                        ***Attorneys for Waldemar Mauer***

9