**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 10 Civ. 2515 (DAB) |
| ROBERT M. HODGE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 10 Civ. 2544 (DAB) |
| THOMAS MARKEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 10 Civ. 2556 (DAB) |
| CARLTON COWIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 10 Civ. 2611 (DAB) |

(Additional Captions Continue on next page)

**MEMORANDUM IN SUPPORT OF MOTION OF**
**MICHAEL KORNS AND GILDA CABRAL**
**TO CONSOLIDATE ALL RELATED ACTIONS, TO BE**
**APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF THEIR**
**SELECTION OF FARUQI & FARUQI, LLP AS LEAD COUNSEL**

| | |
|---|---|
| FUCHSBERG INVESTMENT PARTNERS, On Behalf of Itself And All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUQI INTERNATIONAL, INC., ET AL., <br><br> Defendants. | Civil Action No. 10 Civ. 2639 (DAB) |
| TAMY DEE THOMPSON, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUQI INTERNATIONAL, INC., ET AL., <br><br> Defendants. | Civil Action No. 10 Civ. 2640 (DAB) |
| HAI RONG YANG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUQI INTERNATIONAL, INC., ET AL., <br><br> Defendants. | Civil Action No. 10 Civ. 2654 (DAB) |
| HARRY POGASH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUQI INTERNATIONAL, INC., ET AL., <br><br> Defendants. | Civil Action No. 10 Civ. 2885 (DAB) |

(Additional Captions Continue on next page)

| | |
|---|---|
| SIDNEY and ELAINE GLICK, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Civil Action No. 10 Civ. 3007 (DAB) |
| MICHAEL D. COOPER, Individually and On Behalf of all Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>FUQI INTERNATIONAL, INC., ET AL.,<br><br>              Defendants. | Civil Action No. 10 Civ. 3024 (DAB) |

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................. ii

I.    PRELIMINARY STATEMENT .................................................................. 1

II    PROCEDURAL BACKGROUND.............................................................. 2

III.   STATEMENT OF FACTS .......................................................................... 3

IV.   ARGUMENT ................................................................................................ 4

A.    The Actions Should Be Consolidated For All Purposes ......................... 4

B.    The Court Should Appoint Michael Korns And Gilda Cabral
As Lead Plaintiffs ................................................................................... 5

1.    The Procedure Required By The Exchange Act
To Appoint A Lead Plaintiff ........................................................ 5

2.    Michael Korns And Gilda Cabral Satisfy The
Lead Plaintiff Requirements Of The Exchange Act ................... 6

(a)    Michael Korns And Gilda Cabral Have Complied With
The Threshold  Exchange Act Lead Plaintiff Requirements .......... 6

(b)    Movant Has The Largest Financial Interest In The
Relief Sought By The Class ........................................... 7

(c)    Michael Korns and Gilda Cabral Otherwise Satisfy The
Requirements of Rule 23 ................................................ 8

(i)    Movants' Claims Are Typical Of The Claims
Of The Class ..................................................... 8

(ii)    Movants' Will Fairly And Adequately Represent
The Interests Of The Class................................. 9

C.    The Court Should Approve Movants' Choice Of Lead Counsel.......... 10

V.    CONCLUSION............................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                   Page(s)

*Barnet v. Elan Corp.,*
   236 F.R.D. 158 (S.D.N.Y. 2005) ............................................................... 4

*Caiafa v. Sea Containers, Ltd.,*
   No. 06-cv-2565, 2006 U.S. Dist. LEXIS 57776 (S.D.N.Y. Aug. 14, 2006).............. 4

*Deutschman v. Beneficial Corp.,*
   132 F.R.D. 359 (D. Del. 1990) ................................................................ 9

*In re: ESPEED, Inc. Sec. Litig.,*
   232 F.R.D. 95 (S.D.N.Y. 2005) ........................................................... 8, 9

*Glauser v. EVCI Career Colleges Holdings Corp.,*
   236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................. 4

*Goldberger v. PXRE Group, Ltd.,*
   No. 06-cv-3410, 2007 U.S. Dist LEXIS 23925 (S.D.N.Y. Mar. 30, 2007).............. 4

*In re Initial Public Offering Sec. Litig.,*
   214 F.R.D. 117 (S.D.N.Y 2002) ............................................................. 8

*In re Oxford Health Plans, Inc. Sec Litig.,*
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................... 8, 9

**Statutes, Rules & Regulations**

15 C.F.R.,
   §78j(b)...................................................................................................... 1
   §78u-4 ..................................................................................................... 2
   §78u-4(a) ................................................................................................ 5
   §78u-4(a)(2)(A) ...................................................................................... 6
   §78u-4(a)(3)(A)(i).............................................................................. 2, 5
   §78u-4(a)(3)(A)(i)(II) ........................................................................... 5
   §78u-4(a)(3)(B)...................................................................................... 5
   §78u-4(a)(3)(B)(ii)................................................................................ 5
   §78u-4(a)(3)(B)(iii)........................................................................... 6, 8
   §78u-4(a)(3)(B)(iii)(I)(aa) .................................................................... 6
   §78u-4(a)(3)(B)(iii)(I)(bb) .................................................................... 7
   §78u-4(a)(3)(B)(v)............................................................................... 10
   §240b-5 .................................................................................................. 1
   §7241..................................................................................................... 3

Fed. R. Civ. P.,
   Rule 10b-5.............................................................................................. 1
   Rule 23 ................................................................................................... 8
   Rule 23(a) ........................................................................................... 8, 9
   Rule 23(a)(4) .......................................................................................... 9
   Rule 42(a) ............................................................................................... 4

## I. PRELIMINARY STATEMENT

Before the Court, now, are a series of shareholder class actions ("Related Actions") alleging violations of the anti-fraud provisions of the federal securities laws against FUQI International, Inc. ("FUQI" or "Company") and several of its senior officers. Generally, the Related Actions allege a core of substantially similar facts, involving defendants' reckless disregard of the Company's inadequate internal controls. By ignoring these control weaknesses, the Related Actions allege, defendants knew, or recklessly disregarded, that the financial statements they caused FUQI to disseminate were materially misstated and failed to conform with generally accepted accounting principles. Defendants' allegedly false and misleading statements about the true financial condition of the Company caused its common stock to trade at artificially inflated prices throughout the class period. The members of the putative Class, ("Class"), purchased their shares and made other investment decisions relating to that common stock at artificially inflated prices. Upon defendants' disclosure of the truth, the share price of FUQI common stock plummeted, in turn causing large losses for members of the putative Class. Each of the Related Actions seeks damages, in general, for violations of Section 10b of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 15 C.F.R. §240b-5, on behalf of all persons or entities who purchased or otherwise acquired the common stock of FUQI during the period May 15, 2009 through and including March 16, 2010 ("Class Period").

Michael Korns ("Korns") and Gilda Cabral ("Cabral"), (collectively, "Movants"), husband and wife, are investors who purchased shares of FUQI common stock and call options during the Class Period. As a direct result of defendants' alleged wrongdoing in these related cases, together, Movants suffered substantial losses of over $797,000. To their knowledge, Movants suffered the largest loss among others seeking lead plaintiff appointment. In addition, to their knowledge, Movants comprise the only group of potential lead plaintiffs with a pre-existing relationship among the members of any group proposing itself as lead plaintiffs. As

such, given their spousal relationship and the size of their combined losses resulting from their Class Period purchases of FUQI common stock, Movants are the most adequate persons to serve as lead plaintiffs in the Related Actions.

Now, pursuant to the lead plaintiff provisions of the Exchange Act, 15 U.S.C. §78u-4, *et seq.*, and the Federal Rules of Civil Procedure, Movants seek an order: (i) consolidating the Related Actions and any subsequently filed action; (ii) appointing them as lead plaintiffs; and (iii) approving their selection of Faruqi & Faruqi, LLP ("Faruqi") as lead counsel for the Class. As discussed below, therefore, this Court should consolidate these Related Actions and appoint Movants as lead plaintiffs because they satisfy each of the requirements of the lead plaintiff provisions of the Exchange Act.

## II. **PROCEDURAL BACKGROUND**

On or about March 18, 2010, plaintiff Pradeep Mahapatra filed the first action, *Pradeep Mahapatra v. FUQI International, Inc., et al.,* 10-CV-2515-DAB (the "*Mahapatra* action") in this Court on behalf of a class, consisting of all persons and entities who purchased or otherwise acquired FUQI common stock pursuant during the Class Period and were damaged thereby (the "Class"). The *Mahapatra* action alleged violations of Sections 10b and 20a of the Exchange Act and Rule 10b-5 promulgated thereunder. Pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(A)(i), on March 19, 2010, plaintiff Mahapatra published notice of the pendency of the action over a widely-available, national business-oriented wire service, *Business Wire*.[1]  Mahapatra advised members of the Class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice or May

---

[1] Movants attach a true and correct copy of that Notice as Exhibit A to the Declaration of Antonio Vozzolo in Support of the Motion of Michael Korns and Gilda Cabral to Consolidate All Related Actions, to be Appointed Lead Plaintiff, and for Approval of Their Selection of Faruqi & Faruqi, LLP as Lead Counsel ("Vozzolo Decl."). In addition, counsel in the second filed *Hodge* action published notice approximately one hour prior to the *Mahapatra* notice, specifying the same deadline by which class members must move for appointment as lead plaintiff. Movants attach the notice from the *Hodge* case to the Vozzolo Decl. as Exhibit B.

18, 2010.  *See* Vozzolo Decl., Ex. A.  Movant files this Motion within the 60-day period following Mahapatra's publication of the notice.

After Mahapatra filed his action, several other class actions were filed, alleging substantially similar claims under the Exchange Act.  All of the Related Actions were filed as related to the *Mahapatra* action, pending before The Honorable Judge Batts.

### III.  <u>STATEMENT OF FACTS</u>

With its headquarters in the city of Shenzhen in southern China, FUQI operates through a series of wholly owned subsidiaries.  It describes itself as a leading purveyor of jewelry in the expanding Chinese market for luxury goods.  ¶10.[2]  Defendants Yu Kwai Chong ("Chong"), Ching Wan Wong ("Wong"), Lie Xi Zhuang ("Zhang"), and Charlene Hua ("Hua") are, respectively, the Company's Chairman, President and CEO, Chief Financing Officer, Chief Operating Officer and Vice President of Finance, Capital Markets and Corporate Development.

The Complaint alleges that during the period May 15, 2009, through March 16, 2010 ("Class Period"), defendants caused FUQI to issue a series of materially false and misleading financial statements.  With actual knowledge that the Company's internal controls were materially deficient, defendants knowingly or recklessly caused FUQI to issue financial statements for the first three quarters of fiscal 2009 that materially understated the costs of its sales and materially overstated its gross profits and net income for those reporting periods.  ¶2.  Indeed, the CEO and CFO each certified the accuracy of the Company's financial statements pursuant to the Sarbanes-Oxley Act of 2002, 15 U.S.C. §7241.  *See*, *e.g.*, ¶32.  Defendants' dissemination of materially false financial statements caused FUQI's common stock to trade at artificially inflated prices.  While their allegedly wrongful conduct caused FUQI's common stock price to trade at artificial levels, defendants caused the Company to register and sell

---

[2] All paragraph references are to the complaint in the action captioned *Markey v. FUQI International, Inc*., 10-cv-2556.

4,855,000 of its common stock at a price of $21.50 per share. ¶44. Through this offering, the Company raised $97.5 million. ¶45.

On March 16, 2010, however, defendants shocked the market, by causing the Company to disclose that internal control problems had caused it to issue materially false financial results. ¶¶73-76. On this news, FUQI's common stock price fell from a March 16, 2010 close of $19 per share to a March 17, 2010 close of 11.90 per share – a 37.4% decline on enormous volume of 17.3 million shares traded. ¶77. The Complaint alleges that as a direct result of this corrective disclosure and the resulting elimination from the share price of the artificial inflation, the members of the putative Class were damaged. ¶82. The Related Actions generally allege violation of the antifraud provisions of the Exchange Act. ¶¶92-106.

## IV. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

Federal Rule of Civil Procedure 42(a) states that courts may order consolidation of all actions "involving common questions of law or fact. . . ." Fed. R. Civ. P. 42(a). This Court has broad discretion to determine whether to consolidate these Related Actions, but considerations of judicial economy generally prompt courts to consolidate factually similar cases such as these. *See e.g. Goldberger v. PXRE Group, Ltd*., No. 06-cv-3410, 2007 U.S. Dist LEXIS 23925, at * 5-6 (S.D.N.Y. Mar. 30, 2007) (citing *Barnet v. Elan Corp*., 236 F.R.D. 158, 160 (S.D.N.Y. 2005)).

Each of the Related Actions is a class action, arising out of the substantially similar operative sets of facts. Each of the Related Actions asserts facts involving defendants' issuing false and misleading statements about FUQI. As such, consolidation is appropriate where, as here, the Related Actions involve common questions of fact. *See* Fed. R. Civ. P. 42(a); *see also Glauser v. EVCI Career Colleges Holdings Corp*., 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (securities litigation where complaints are based on same statements are appropriate for consolidation); *Caiafa v. Sea Containers, Ltd*., No. 06-cv-2565, 2006 U.S. Dist. LEXIS 57776 (S.D.N.Y. Aug. 14, 2006) (complaints alleging that series of statements violating securities laws

ripe for consolidation). Because of the substantially similar fact patterns and legal issues in the Related Actions, this Court should order consolidation. Movants are aware of no party or other movant who opposes consolidation.

**B.    The Court Should Appoint Michael Korns And Gilda Cabral As Lead Plaintiffs**

    **1.    The Procedure Required By The Exchange Act To Appoint A Lead Plaintiff**

The Exchange Act governs the appointment of a lead plaintiff in each class action arising thereunder. 15 U.S.C. §78u-4(a). As an initial matter, within 20 days of filing a complaint, the first plaintiff to file must publish notice, informing potential class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i). Counsel for Plaintiff Mahapatra published such a notice over the *Business Wire* on March 19, 2010. *See* Vozzolo Decl., Ex. A. Mahapatra's notice described that applications for appointment as Lead Plaintiff were to be made no later than May 18, 2010, stating, pursuant to 15 U.S.C. §§78u-4(a)(3)(A)(i)(II), that within 60 days after publication of the notice, any person or group of persons who are members of the Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.

Second, the Exchange Act establishes a procedure by which this Court should assess and appoint a lead plaintiff or group of plaintiffs. Within 90 days after publication of the notice, but after consolidation, the Exchange Act declares, the Court shall consider the motion of any class member, seeking appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B).[3] The Exchange Act prompts the Court to appoint as lead plaintiff the member or members of the Class that the Court determines to be most capable of adequately representing the interests of class members. *Id.* In determining the "most adequate plaintiff," the Exchange Act provides that:

---

[3] While establishing a firm deadline of 90 days for a court to rule on a lead plaintiff determination, the Exchange Act states that if plaintiffs filed more than one class action, courts should not appoint a lead plaintiff until after they consolidate the actions. 15 U.S.C. §78u-4(a)(3)(B)(ii).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice. . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

Once it orders consolidation, therefore, this Court must assess each movant's request for appointment as lead plaintiff and determine which is most adequate at this stage to represent the interests of the Class.

    2.    **Michael Korns And Gilda Cabral Satisfy The Lead Plaintiff Requirements Of The Exchange Act**

    (a)    **Michael Korns And Gilda Cabral Have Complied With The Threshold Exchange Act Lead Plaintiff Requirements**

To serve as lead plaintiff, a member of the putative class must comply with two, threshold requirements. First, a movant must timely move for his or her appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). As noted above, notice to the class was published on March 19, 2010. As such, the deadline for motions seeking appointment as lead plaintiff is May 18, 2010. Movants have satisfied that initial requirement for serving as lead plaintiff, filing on or before May 18, 2010 their motion for consolidation, for their appointment as lead counsel and for approval of their selection a lead counsel for the Class.

Next, the Exchange Act requires a movant, seeking to serve as a class representative, to submit a sworn certification, attesting to certain facts such as the person's willingness to serve as a class representative. *See* 15 U.S.C. §78u-4(a)(2)(A). Complying with that mandate, Movants executed and have filed with this Motion the requisite certifications, stating, among other things, that they have reviewed a complaint in this matter and that they are willing to serve as representative parties on behalf of persons who purchased FUQI shares during the Class Period.

*See* Vozzolo Decl., Exs. C and D.  In addition, Movants have detailed their purchases and sales of FUQI common stock and call options during the Class Period, attested that they will accept no payment for serving as a class representative beyond their pro rata share of any recovery, and declared that they have not sought to serve as a representative party in any class action during the past three years.  *Id.*   Movants have, therefore, complied with the Exchange Act's representative plaintiff certification requirement.

By virtue of having both timely moved and submitted an appropriate certification, Movants have satisfied the Exchange Act's threshold lead plaintiff requirements.

**(b)**    **Movant Has The Largest Financial Interest In The Relief Sought By The Class**

Having complied with the threshold lead plaintiff requirements, Movants turn to the Exchange Act's substantive requirements by which this Court should assess their application for appointment as lead plaintiffs.  According to the Exchange Act, the Court shall appoint as lead plaintiff(s) the class member or members who, "in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

As evidenced by the accompanying signed certifications, during the Class Period, Movants purchased and/or acquired both shares of FUQI and call options.[4]  Based on those Class Period trades, Movants suffered combined collective losses of $797,114.63 as a direct and proximate result of Defendants' misconduct.  *See* Loss Charts of Michael Korns and Gilda Cabral, Vozzolo Decl., Exs. E and F.  To their knowledge, therefore, Michael Korns and Gilda Cabral have the largest financial interest in this relief sought in these Related Actions.  Movants, therefore, satisfy the largest interest requirement of the Exchange Act's lead plaintiff provisions.

---

[4] Basically, a call option is an option to purchase stock at a specified price at some time in the future.  To purchase a call option, the investor pays a premium.  By purchasing a call option, the investor manifests its belief that the price of the stock in question will increase.  If it does, then the investor exercises its option, purchasing shares of stock at a lower price and reaping the difference between its purchase price and the then prevailing market price.  If, however, the price of the underlying stock declines, then the investor losses the premium it paid only, thereby limiting its exposure.

    **(c)**      **Michael Korns and Gilda Cabral Otherwise Satisfy The Requirements of Rule 23**

In addition to demonstrating that they have the largest financial interest in the outcome of the Related Actions, however, Movants must also satisfy the necessary elements of Fed. R. Civ. P. 23. According to 15 U.S.C. §78u-4(a)(3)(B)(iii), a would-be lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." This Court need not analyze the Rule 23 elements as closely at this stage of the proceeding as it will at the class certification stage. *See In re: ESPEED, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (citations omitted).

Rather, of Rule 23(a)'s four prerequisites of numerosity, commonality, typicality and adequacy, a prospective lead plaintiff need only demonstrate that its claims are typical of the class and that it will adequately represent the class. *Id.*; *see also In re Oxford Health Plans, Inc. Sec Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Consequently in deciding a motion for appointment as lead plaintiff, the Court should focus its inquiries on the typicality and adequacy elements of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. In this case, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

    **(i)**      **Movants' Claims Are Typical Of The Claims Of The Class**

The typicality requirement of Rule 23(a) is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232 F.R.D. at 102 (citing *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y 2002)). Movants seek to represent a Class of purchasers of the Company's securities, including call options and common stock who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirements, because they: (i) purchased FUQI securities during the Class Period, (ii) at prices artificially inflated by virtue of defendants' failure to disclose material information they were duty bound to disclose, and (iii) suffered damages thereby. Other members of the Class have made and will make virtually identical claims. Accordingly, because

the claims asserted by Movants arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory" the typicality element of Rule 23(a) is satisfied. *Id.* (citing *In re: Oxford*, 182 F.R.D. at 50).[5]

**(ii)**    **<u>Movants' Will Fairly And Adequately Represent The Interests Of The Class</u>**

In addition to their claims being typical of the claims of the Class, to be appointed lead plaintiffs, Movants must show that they will adequately represent the Class. Under Rule 23(a)(4) a representative party must "fairly and adequately protect the interests of the class." In the lead plaintiff context, a class member seeking appointment must show that it has no interest antagonistic to those of the class and that it has retained adequate counsel. *Espeed*, 232 F.R.D. at 103. Here, Movants will be adequate representatives of the Class. As evidenced by the injury they suffered, acquiring the Company's securities at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, Movants' interests are clearly aligned with the members of the Class. Further, no evidence exists of any antagonism between Movants' interests and those of the other members of the Class. In addition, as shown below, Movants have selected as lead counsel highly qualified, experienced and able attorney to conduct this complex litigation in a professional manner.

Not only do Movants satisfy the threshold requirements of the Exchange Act, therefore, but they are also otherwise qualified to serve as Lead Plaintiffs for the Class. As such, this Court should appoint Michael Korns and Gilda Cabral as Lead Plaintiffs for the Class.

---

[5] During the Class Period, in addition to his numerous purchase of FUQI common stock, Korns purchased call options. *See* Vozzolo Decl. Ex. E. His purchases of call options, however, do not render his claims atypical of the claims of the Class. *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371, 372-74 (D. Del. 1990) (holding that "call option purchasers may rely on the presumptions of the fraud on the market theory to the same extent as purchasers of ordinary stock" and finding call option purchaser met typicality requirement).

**C.      The Court Should Approve Movants' Choice Of Lead Counsel**

Lastly, the Exchange Act provides that the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.    15 U.S.C. §78u-4(a)(3)(B)(v).  Movants have selected and retained the Faruqi firm to serve the Class as Lead Counsel.   As detailed in the attached firm resume, Faruqi & Faruqi, LLP has extensive experience in prosecuting complex class actions, including shareholder and securities class actions and has obtained excellent recoveries on behalf of defrauded investors.  *See* Vozzolo Decl., Ex G.  Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that Movants or the counsel they have selected will not fairly and adequately represent the Class, this Court should approve Movants' selection of the Faruqi firm as Lead Counsel.

## V.  CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate the Related Actions for all pretrial purposes; (ii) appoint Michael Korns and Gilda Cabral as Lead Plaintiff for the Related Actions; and (iii) approve Movant's selection of Faruqi & Faruqi, LLP as Lead Counsel for the Class.

DATED:  May 18, 2010                    Respectfully submitted,

                                        **FARUQI & FARUQI, LLP**

                                        */s/ Antonio Vozzolo*
                                        Antonio Vozzolo (AV-8773)
                                        Richard Schwartz
                                        369 Lexington Avenue, 10th Floor
                                        New York, New York 10017
                                        Telephone: (212) 983-9330
                                        Facsimile: (212) 893-9331
                                        Email: avozzolo@faruqilaw.com
                                               rschwartz@faruqilaw.com

                                        *- and -*

                                        Jacob A. Goldberg
                                        101 Greenwood Avenue, Suite 600
                                        Jenkintown, PA  19046
                                        Telephone: 215-277-5770
                                        Facsimile: 215-277-5771
                                        Email: jgoldberg@faruqilaw.com

                                        ***Proposed Lead Counsel***