# EXHIBIT D

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 78u-4(a)(2)(A)[1]

1.  I, Gilda Cabral, hereby certify that I have reviewed a draft complaint against Fuqi International, Inc. ("Fuqi International") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2.  I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Fuqi International and others.

3.  I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4.  Should the Court appoint me, I am willing to serve as a class representative or lead plaintiff on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to

---

[1] Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(2)(A) states:

(2) Certification filed with complaint.
   (A) In general. Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
      (i) states that the plaintiff has reviewed the complaint and authorized its filing;
      (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title [15 USCS §§ 78a et seq.];
      (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
      (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
      (v) identifies any other action under this title [15 USCS §§ 78a et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and
      (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5. To the best of my knowledge, the following represents all of my transactions in securities of Fuqi International (if the space provided is inadequate, complete transaction history on another sheet):

| TRANSACTION (Purchase, Sale, Put, Call) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|
| See attached Spreadsheet | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

6. During the three years prior to the date of this certification, I have not sought to serve as representative or lead plaintiff of any class, in a case involving the violations of the federal securities laws, except (name of case or N/A) ____N/A____.

7. I understand that I am only entitled to my pro rata share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8. I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 27 day of March, 2010.

_____
Gilda Cabral
(Signature)

Gilda Cabral        Schedule A

| Transaction | Strike Price/Expiration Date (Options) | Trade Date | Price Per Securities/ Share | Quantity | |
|---|---|---|---|---|---|
| Buy | NA | 9/17/2009 | $30.67 | 4,000.00 | |
| Buy | NA | 12/29/2009 | $18.09 | 400.00 | |
| Buy | NA | 12/30/2009 | $18.31 | 400.00 | |
| Sell | NA | 3/17/2010 | $13.36 | 420.00 | |
| Sell | NA | 3/17/2010 | $13.37 | 580.00 | |
| Sell | NA | 3/17/2010 | $13.45 | 1,000.00 | |
| Sell | NA | 3/17/2010 | $13.50 | 1,000.00 | |
| Sell | NA | 3/17/2010 | $13.38 | 1,000.00 | |
| Sell | NA | 3/17/2010 | $13.25 | 750.00 | |
| Sell | NA | 3/17/2010 | $13.30 | 50.00 | |
| | | | | | |

*Buy = Purchase of Stock
*Sell = Sale of Stock
*Buy to Open = Purchase of Call Option
*Sell to Close = Sale of Call Option