UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated, | x : : | Civil Action No.: 10-civ-02515 |
| | : : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : : : | |
| Defendant. | : : : : | |
| | : x | |

| | | |
|---|---|---|
| ROBERT M. HODGE, Individually and On Behalf of All Others Similarly Situated, | x : : | Civil Action No.: 10-civ-02544 |
| | : : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | : : : | |
| Defendants. | : : : : | |
| | : x | |

[*Caption Continued on Following Page*]

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
CASES, TO APPOINT THE FUQI INVESTOR GROUP AS LEAD PLAINTIFF, AND TO
APPROVE THE SELECTION OF LEAD COUNSEL

THOMAS MARKEY, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

          vs.

FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,

                              Defendants.

: Civil Action No.: 10-civ-2556
:
: <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:
:
:
:
:
—————————————————————————— x
                                              x
JOEL A. HOFFLICH, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

          vs.

FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,

                              Defendants.

: Civil Action No.: 10-civ-02610
:
: <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:
:
:
:
:
—————————————————————————— x
                                              x
CARLTON COWIE, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

          vs.

FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,

                              Defendants.

: Civil Action No.: 10-civ-02611
:
: <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:
:
:
:
:
—————————————————————————— x

[*Caption Continued on Following Page*]

HAI RONG YANG, Individually and On Behalf of          :          Civil Action No.: 10-civ-02654
All Others Similarly Situated,
                                                      :          <u>CLASS ACTION</u>
                                                      :
                              Plaintiff,              :
                                                      :
                vs.                                   :
                                                      :
FUQI INTERNATIONAL, INC., YU KWAI                     :
CHONG, CHING WAN WONG,                                :
                                                      :
                              Defendants.             :
                                                      :
                                                      :
                                                      :
———————————————————————————x
                                                      x
FUCHSBERG INVESTMENT PARTNERS,                        :          Civil Action No.: 10-civ-02639
Individually and On Behalf of All Others Similarly
Situated,                                             :          <u>CLASS ACTION</u>
                                                      :
                              Plaintiffs,             :
                                                      :
                vs.                                   :
                                                      :
FUQI INTERNATIONAL, INC., YU KWAI                     :
CHONG, CHING WAN WONG,                                :
                                                      :
                              Defendants.             :
                                                      :
———————————————————————————x
                                                      x
TAMY DEE THOMPSON, Individually and On                :          Civil Action No.: 10-civ-02640
Behalf of All Others Similarly Situated,
                                                      :          <u>CLASS ACTION</u>
                              Plaintiffs,             :
                                                      :
                vs.                                   :
                                                      :
FUQI INTERNATIONAL, INC., YU KWAI                     :
CHONG, CHING WAN WONG,                                :
                                                      :
                              Defendants.             :
                                                      :
                                                      :
                                                      :
———————————————————————————x

[*Caption Continued on Following Page*]

| | | |
|---|---|---|
| HARRY POGASH, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-02885 |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————————— | x | |
| | x | |
| SIDNEY and ELAINE GLICK, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-03007 |
| | : | <u>CLASS ACTION</u> |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————————— | x | |
| | x | |
| MICHAEL D. COOPER, JR., Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-03024 |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————————— | x | |

## TABLE OF CONTENTS

I.      STATEMENT OF THE FACTS ............................................................................1

II.     ARGUMENT .....................................................................................................2

        A.      The Related Actions Should Be Consolidated.........................................2

        B.      The Fuqi Investor Group Satisfies the Lead Plaintiff Requirements of the
                PSLRA .......................................................................................................2

                1.      The Fuqi Investor Group Is a Permissible Group .............................4

                2.      The Fuqi Investor Group Suffered the Largest Financial Interest in
                        the Relief Sought by the Class............................................................5

                3.      The Fuqi Investor Group Satisfies the Requirements of Federal
                        Rule of Civil Procedure Rule 23 ........................................................5

                4.      The Fuqi Investor Group's Claims Are Typical of the Claims of
                        All the Class Members........................................................................6

        C.      The Fuqi Investor Group Will Adequately Represent the Interests of the
                Class...........................................................................................................7

                1.      The Fuqi Investor Group's Selection of Lead Counsel Should Be
                        Approved............................................................................................8

III.    CONCLUSION...................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Corwin v. Seizinger*
    2008 U.S. Dist. LEXIS 3045 (S.D.N.Y. 2008) .......................................................................3

*Ferrari v. Gisch*
    225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................................6

*Ferrari v. Impath, Inc.*
    2004 U.S. Dist. LEXIS 13898 (S.DN.Y. July 2, 2004) ...........................................................8

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) .................................................................................................7

*In re Fuwei Films Sec. Litig.*
    247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................7

*Johnson v. Celotex Corp.*
    899 F.2d 1281 (2d Cir. 1990) .................................................................................................3

*Kaplan v. Gelfund*
    240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................7

*Kuriakose v. Fed. Home Loan Mortgage Co.*
    2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .......................................................7

*Reimer v. Ambac Fin. Group, Inc.*
    2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) ......................................................5, 7

*Varghese v. China Shenhuo Pharm. Holdings, Inc.*
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................................................5

*Weltz v. Lee*
    199 F.R.D. 129 (S.D.N.Y. 2001) ...........................................................................................5

## FEDERAL STATUTES

15 U.S.C.
    § 77z-1 ...................................................................................................................................4

15 U.S.C.
    § 78u-1 ...............................................................................................................................3, 9

15 U.S.C.
    § 78u-4 ...................................................................................................................... *passim*

## FEDERAL RULES

Federal Rules of Civil Procedure

Rule 23 ............................................................................................................7, 8, 9

Rule 42(a) ............................................................................................................3

Class members Michael Manicone, Anthony Pope, and Gregory Needham (collectively "the Fuqi Investor Group" or "Movant") respectfully submit this memorandum of points and authorities in support of their motion:  (1) to consolidate these related cases; (2) to be appointed as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (3) to approve their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class.

## I.    STATEMENT OF THE FACTS[1]

This is a federal securities class action brought on behalf of purchasers and holders of Fuqi International, Inc. ("Fuqi" or the "Company").  The class consists of those investors who purchased Fuqi shares between May 15, 2009, and March 17, 2010 (the "Class Period").  Fuqi is a designer, producer and seller of precious metal jewelry in China.  The Company produces products made from gold, platinum and karat gold (K-gold) as well as items that contain diamonds and other precious stones on a custom-order basis.

Fuqi sells its products directly to distributors, retailers and wholesalers, who in turn sell the products to the ultimate consumer.  On March 31, 2009, Fuqi's wholesale distribution network included nearly 31 provincial distributors and more than 840 direct-sales distributors.  In the past, no customer has accounted for more than 10 percent of Fuqi's net sales.

During the Class Period, Fuqi and certain of its executive officers made false and/or misleading statements that:  1) Fuqi's wholesale business was slowing; 2) Fuqi's cost of sales was understated during the Class Period; 3) as a result, Fuqi's financial results were overstated during the Class Period; 4) Fuqi's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); 5) Fuqi lacked adequate internal and financial controls; and 6) as a result of these failures, Fuqi's financial statements were materially false and misleading at all relevant times.

---

[1]    The facts are gathered from the complaint captioned *Hodge v. Fuqi International, Inc. et al.*, No. 10-civ-2544 (filed on Mar. 19, 2010).

On March 16, 2010, Fuqi disclosed that it had identified accounting errors related to the accounting of its costs of sales and inventory and that as a result of the accounting errors the previously issued financial statements for the first three quarters of 2009 were unreliable.

Defendants' positive, but false, statements caused shareholders to invest in Fuqi. On March 16, 2010, Fuqi shocked the market when it issued a press release disclosing that its accounting was unreliable. The next trading day, Fuqi's share price declined 37.37% to close at $11.90 on unusually heavy volume.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff. *See, e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Corwin v. Seizinger*, Case No. 07 Civ. 6728, 2008 U.S. Dist. LEXIS 3045, at *2 (S.D.N.Y. 2008) (consolidating related actions prior to appointing lead plaintiff). Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

To date, the Fuqi Investor Group has identified eleven Related Actions in this district which should be consolidated. Each of those eleven actions, listed in the caption above, are on behalf of purchasers of Fuqi common stock who purchased in reliance on the Defendants' materially false and misleading statements and omissions during the Class Period. The Related Actions also assert essentially similar and overlapping claims for alleged violations of the federal securities law and are based on a common set of facts. Accordingly, the Related Actions are appropriate for consolidation.

### B.    The Fuqi Investor Group Satisfies the Lead Plaintiff Requirements of the PSLRA

The PSLRA provides the procedure that governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). First, the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class

action was filed on March 19, 2010, and notice was published that same day.  *See* Kathrein Decl., Ex. A. (Notice of Pendency).[2]  Within sixty days after publication of notice, any "person" or "group of persons" who are members of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Once the motions have been filed, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  The Court:  (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.  15 U.S.C. § 78u-4(a)(3)(B)(i)[3]

The "most adequate plaintiff" assumes a rebuttable presumption that:

> . . . [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) ***in the determination of the court, has the largest financial interest in the relief sought by the class; and***
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[2]     "Kathrein Declaration" or "Kathrein Decl." refers to the Declaration of Reed R. Kathrein in Support of the Fuqi Investor Group's Motion to Consolidate Related Cases, to Appoint the Fuqi Investor Group as Lead Plaintiff, and to Approve the Selection of Lead Counsel, filed concurrently herewith.

[3]     All internal citations and quotations omitted and all emphasis added, unless otherwise indicated.

Under this statutory test, the Fuqi Investor Group is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. The Fuqi Investor Group has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the Class. Consequently, this Court should appoint the Fuqi Investor Group as Lead Plaintiff and approve Movant's selection of Hagens Berman as Lead Counsel for the Class.

### 1.    The Fuqi Investor Group Is a Permissible Group

The PSLRA permits groups of investors to serve as lead plaintiffs. Specifically, the PSRLA provides that a court "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, a "person or group of persons" may be an adequate lead plaintiff. 15 U.S.C. § 78u-4(a)(3)( B) (iii)(I); *see also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven to serve as lead plaintiff).

In the appropriate circumstances, this Court has repeatedly approved aggregating groups of investors to serve as lead plaintiff in securities cases governed by the PSRLA. *See Reimer v. Ambac Fin. Group, Inc.*, No. 08 Civ. 411, 2008 U.S. Dist. LEXIS 38729, at *8-*9 (S.D.N.Y. May 9, 2008) (explaining that disallowing unrelated class members to aggregate and serve as lead plaintiff is "now the minority view."). This Court recently noted that allowing a group to serve as lead plaintiff is appropriate where there is evidence that "unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Varghese v. China Shenhuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008). Among the factors the court considers in assessing a proposed lead plaintiff group are: 1) any pre-litigation relationship among the group members; 2) the group members' involvement in the litigation thus far; 3) the group members' plans for cooperation; 4) the group members' level of sophistication; and 5) whether the group members chose outside counsel. *Id.*

Here, the Fuqi Investor Group has a pre-existing relationship. *See* Kathrein Decl., Ex. D (Joint Declaration). This group of investors was initially formed when several investors contacted Hagens Berman between March 18, 2010 and April 29, 2010. *Id*, ¶ 3. The Fuqi Investor Group met by telephone on May 13, 2010 to discuss whether we wanted to serve as Lead Plaintiffs. *Id.*, ¶¶ 4, 5. The Fuqi Investor Group has demonstrated its desire and ability to cooperate and have demonstrated their ability and plans to continue doing so. *Id.*, ¶¶ 5, 7. The members of the group are sophisticated individuals and they chose outside counsel rather than the other way around. *Id.* The Fuqi Investor Group intends to participate directly in this litigation, are willing and able to serve as class representatives, have participated in an organizational call and have a decision-making structure in place. *Id.*, ¶¶ 6, 8, 9, 12. They have established a method for communicating among themselves and with counsel and are exactly the proactive group the PSRLA envisions leading a securities class action such as the one at issue here.

**2.    The Fuqi Investor Group Suffered the Largest Financial Interest in the Relief Sought by the Class**

As a result of Movant's purchases of Fuqi securities throughout the Class Period, the Fuqi Investor Group has an aggregate financial interest of $156,546.49. Kathrein Decl., Ex. B. The Fuqi Investor Group believes it has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004). The Fuqi Investor Group, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

**3.    The Fuqi Investor Group Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provide that the Lead

Plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."). At this stage of the litigation, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Kaplan v. Gelfund*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *see also Kuriakose v. Fed. Home Loan Mortgage Co.*, No. 08-cv-7281, 2008 U.S. Dist. LEXIS 95506, at *8 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."). As detailed below, the Fuqi Investor Group satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

4. **The Fuqi Investor Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Reimer*, 2008 U.S. Dist. LEXIS 38729, at *9 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because the Fuqi Investor Group's claims *are* identical to the claims of the other Class Members. The Fuqi Investor Group and all the members of the Class purchased Fuqi securities when the stock prices were artificially inflated as

a result of Defendants' misrepresentations and omissions, and thus, both the Fuqi Investor Group and the Class Members suffered damages as a result of these purchases. Simply put, the Fuqi Investor Group, like all the other Class Members: (1) purchased Fuqi securities; (2) purchased Fuqi securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Fuqi Investor Group's claims and injuries arise from the same events or course of conduct that gave rise to the claims of other Class Members.

Moreover, the Fuqi Investor Group is not subject to any unique or special defenses. Thus, the Fuqi Investor Group meets the typicality requirement of Rule 23 because the Fuqi Investor Group's claims are the same as the claims of the other Class Members.

**C.    The Fuqi Investor Group Will Adequately Represent the Interests of the Class**

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *20 (S.DN.Y. July 2, 2004). As described below, the Fuqi Investor Group will adequately represent the interests of the class.

The Fuqi Investor Group's interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between the Fuqi Investor Group's interests and those of proposed Class Members. Furthermore, the Fuqi Investor Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial interest Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Fuqi Investor Group's identical interest with the members of the Class, clearly shows that the Fuqi Investor Group will adequately and vigorously pursue the interests of the Class. In addition, the Fuqi Investor Group has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the group and the class.

In sum, because of the Fuqi Investor Group's common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Therefore, since the Fuqi Investor Group not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, the Fuqi Investor Group is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.[4]

**1.    The Fuqi Investor Group's Selection of Lead Counsel Should Be Approved.**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa). The Fuqi Investor Group has selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Kathrein Decl., Ex. E (Hagens Berman Rèsumè). This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

---

[4]    The PSLRA envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). The Fuqi Investor Group meets the presumption of adequacy.

### III.    CONCLUSION

For the foregoing reasons, the Court should consolidate the Related Actions, appoint the Fuqi Investor Group as Lead Plaintiff and approve their selection of Hagens Berman as Lead Counsel for the class.

DATED: May 18, 2010                 Respectfully submitted,

                                     HAGENS BERMAN SOBOL SHAPIRO LLP


                                     By         /s/ Steve W. Berman             
                                             STEVE W. BERMAN

1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001

[Proposed] Lead Counsel for the Fuqi Investor Group

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/
DAVID S. NALVEN

# Mailing Information for a Case 1:10-cv-02515-DAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marvin Lawrence Frank**
  mfrank@murrayfrank.com

- **Leigh R. Lasky**
  lasky@laskyrifkind.com

- **Brian Philip Murray**
  bmurray@murrayfrank.com

- **Joseph Harry Weiss**
  jweiss@weisslurie.com,infony@weisslurie.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`