# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>Defendant. | Civil Action No.: 10-civ-02515<br><br><u>CLASS ACTION</u> |
| ROBERT M. HODGE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>Defendants. | Civil Action No.: 10-civ-02544<br><br><u>CLASS ACTION</u> |

[*Caption Continued on Following Page*]

JOINT DECLARATION IN SUPPORT OF THE FUQI INVESTOR GROUP'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT THE FUQI INVESTOR GROUP AS LEAD PLAINTIFF, AND TO APPROVE THE SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| THOMAS MARKEY, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-2556 |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| Defendants. | : | |
| JOEL A. HOFFLICH, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-02610 |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| Defendants. | : | |
| CARLTON COWIE, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.: 10-civ-02611 |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | : | |
| Defendants. | : | |

[*Caption Continued on Following Page*]

| | | |
|---|---|---|
| HAI RONG YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>    Defendants. | : : : : : : : : : : : : : | Civil Action No.: 10-civ-02654<br><br><u>CLASS ACTION</u> |
| FUCHSBERG INVESTMENT PARTNERS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>    Defendants. | : : : : : : : : : : : : : | Civil Action No.: 10-civ-02639<br><br><u>CLASS ACTION</u> |
| TAMY DEE THOMPSON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>    Defendants. | : : : : : : : : : : : : : | Civil Action No.: 10-civ-02640<br><br><u>CLASS ACTION</u> |

[*Caption Continued on Following Page*]

| | | |
|---|---|---|
| HARRY POGASH, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>     vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>                      Defendants. | : : : : : : : : : : : : : : : | Civil Action No.: 10-civ-02885<br><br><u>CLASS ACTION</u> |
| SIDNEY and ELAINE GLICK, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>     vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>                      Defendants. | : : : : : : : : : : : : : : : | Civil Action No.: 10-civ-03007<br><br><u>CLASS ACTION</u> |
| MICHAEL D. COOPER, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>     vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG,<br><br>                    Defendants. | : : : : : : : : : : : : : : : | Civil Action No.: 10-civ-03024<br><br><u>CLASS ACTION</u> |

Fuqi International, Inc. ("FUQI") investors Michael Manicone, Anthony Pope and Gregory Needham (collectively the "Fuqi Investor Group" or "Group"), hereby declare as follows:

1. We submit this joint declaration in support of the Fuqi Investor Group's Motion to be Appointed Lead Plaintiff and for Approval of Lead Plaintiffs' Selection of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Each member of the Fuqi Investor Group purchased shares of Fuqi between May 15, 2009 and March 17, 2010, as set forth in the certifications filed herewith.

3. Each member of the Fuqi Investor Group individually contacted the law firm of Hagens Berman between March 18, 2010 and April 29, 2010.

4. The Fuqi Investor Group met telephonically on May 13, 2010. Prior to this contact, none of the members of the group had ever met one another and have no familial or business relationships with one another. Nor did they have any prior business or other relationships with Hagens Berman or any of its attorneys.

5. We were introduced to each other by Peter Borkon as the clients of Hagens Berman who suffered the greatest losses, and who are willing to be a Lead Plaintiff. Each member was described to each of us in general terms prior to our agreement to participate as a member of a Lead Plaintiff Group. We have been given the contact information for each other, and at times, have contacted one another.

6. During our meeting, the members settled on a structure for decision making and a fee arrangement, as further discussed below.

7. Because of the complexity of the case, and the expertise of each member, we each have the incentive and desire to work together with the other members of the group to control the litigation. Accordingly, we consented to filing as Lead Plaintiff as the Group, or alternatively as individuals.

8. The members of the Group have met and conferred with each other telephonically.

9. We intend to work together to oversee the litigation in a manner that will best serve the interests of the class.

10. We understand our responsibilities as class representatives and as Lead Plaintiffs and will fulfill these responsibilities to the best of our abilities. We understand that our duties as Lead Plaintiffs include overseeing and monitoring the progress of the litigation and coordinating with counsel to vigorously prosecute the case on behalf of the class. In performing these duties we will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery and have input into litigation decisions, including settlement negotiations.

11. We understand that we, as a small cohesive group, are seeking to be appointed as Lead Plaintiff. If appointed as Lead Plaintiff, we will work together to monitor and direct the efforts and activities of our proposed lead counsel, Hagens Berman, in the prosecution of this action. We understand that as Lead Plaintiffs, we have fiduciary obligations to fairly and adequately represent the class by vigorously prosecuting this case on behalf of the class. We understand that one of the primary responsibilities of the Lead Plaintiff in overseeing the work of lead counsel is to ensure that the litigation is handled efficiently.

12. We are aware that as an individual or as the Group, we could select any counsel to represent us or the Group, and that we were not and are not required or compelled to recommend Hagens Berman as class counsel. By submitting this declaration, we are personally ratifying this firm as our choice for that role in this litigation.

13. We have also discussed, proposed and unanimously approved a decision making structure which can be made available to the Court.

14. Each member of the Group has the e-mail address and telephone number for every other member. Any member of the Group may call for a meeting or conference call.

15. Due to the composition of its membership, we believe that the Group, with its governance structure and agreements with counsel, will be well informed and positioned to manage this litigation on behalf of the class and to manage counsel. Under the Group's leadership, we can assure that this case is not lawyer-driven, but is conducted for the benefit of the entire class. We also believe that our group and governance structure exhibit the sophistication, expertise

and resources to manage securities litigation efficiently. In this regard, the Group has comparable ability to control the litigation and the lawyers as an institution.

16. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses.

17. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than as part of the Fuqi Investor Group. Our preference, however, is to work as the Group because the diverse skills and knowledge of each member is considered to be valuable to each of us.

We declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct to the best of our knowledge.

Executed this __ th day of May 2010.

MICHAEL MANICONE

Executed this __ th day of May 2010.

ANTHONY POPE

Executed this __ th day of May 2010.

GREGORY NEEDHAM

and resources to manage securities litigation efficiently. In this regard, the Group has comparable ability to control the litigation and the lawyers as an institution.

16. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses.

17. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than as part of the Fuqi Investor Group. Our preference, however, is to work as the Group because the diverse skills and knowledge of each member is considered to be valuable to each of us.

We declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct to the best of our knowledge.

Executed this ___ th day of May 2010.

_____
MICHAEL MANICONE

Executed this ___ th day of May 2010.

_____
ANTHONY POPE

Executed this ___ th day of May 2010.

_____
GREGORY NEEDHAM

and resources to manage securities litigation efficiently. In this regard, the Group has comparable ability to control the litigation and the lawyers as an institution.

16. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses.

17. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than as part of the Fuqi Investor Group. Our preference, however, is to work as the Group because the diverse skills and knowledge of each member is considered to be valuable to each of us.

We declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct to the best of our knowledge.

Executed this ___ th day of May 2010.

 

MICHAEL MANICONE

Executed this _17_th day of May 2010.

ANTHONY POPE

Executed this ___ th day of May 2010.

GREGORY NEEDHAM

- 3 -

and resources to manage securities litigation efficiently. In this regard, the Group has comparable ability to control the litigation and the lawyers as an institution.

16. We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses.

17. If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than as part of the Fuqi Investor Group. Our preference, however, is to work as the Group because the diverse skills and knowledge of each member is considered to be valuable to each of us.

We declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct to the best of our knowledge.

Executed this ___ th day of May 2010.

———————————————
MICHAEL MANICONE

Executed this ___ th day of May 2010.

———————————————
ANTHONY POPE

Executed this 15th day of May 2010.

———————————————
GREGORY NEEDHAM

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                /s/
                                  DAVID S. NALVEN