UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 1:10-cv-02515-DAB<br><br>CLASS ACTION |
| ROBERT M. HODGE, Individually and on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 1:10-cv-02544-DAB<br><br>CLASS ACTION |
| THOMAS MARKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 1:10-cv-02556-DAB<br><br>CLASS ACTION |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JOHN THAYER FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF LEAD COUNSEL

| | |
|---|---|
| JOEL A. HOFFLICH, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:10-cv-02610-DAB<br><br><u>CLASS ACTION</u> |
| CARLTON COWIE, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:10-cv-02611-DAB<br><br><u>CLASS ACTION</u> |
| FUCHSBERG INVESTMENT PARTNERS, On Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FUQI INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:10-cv-02639-DAB<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

|  | x |  |
|---|---|---|
| TAMY DEE THOMPSON, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:10-cv-02640-DAB |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : |  |
| FUQI INTERNATIONAL, INC., et al., | : : |  |
| Defendants. | : : |  |
| HAI RONG YANG, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:10-cv-02654-DAB |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : |  |
| FUQI INTERNATIONAL, INC., et al., | : : |  |
| Defendants. | : : |  |
| HARRY POGASH, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:10-cv-02885-DAB |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : |  |
| FUQI INTERNATIONAL, INC., et al., | : : |  |
| Defendants. | : : |  |
|  | x |  |

[Caption continued on following page.]

| | |
|---|---|
| —————————————————— x<br>SIDNEY and ELAINE GLICK, Individually :<br>and on Behalf of All Others Similarly Situated, :<br>　　　　　　　　　　　　　　　　　　 :<br>　　　　　　　　Plaintiffs, :<br>　　　　　　　　　　　　　　　　　　 :<br>　　vs. :<br>　　　　　　　　　　　　　　　　　　 :<br>FUQI INTERNATIONAL, INC., et al., :<br>　　　　　　　　　　　　　　　　　　 :<br>　　　　　　　　Defendants. :<br>—————————————————— :<br>MICHAEL D. COOPER, JR., Individually and :<br>on Behalf of All Others Similarly Situated, :<br>　　　　　　　　　　　　　　　　　　 :<br>　　　　　　　　Plaintiff, :<br>　　　　　　　　　　　　　　　　　　 :<br>　　vs. :<br>　　　　　　　　　　　　　　　　　　 :<br>FUQI INTERNATIONAL, INC., et al., :<br>　　　　　　　　　　　　　　　　　　 :<br>　　　　　　　　Defendants. :<br>—————————————————— x | Civil Action No. 1:10-cv-03007-DAB<br><br><u>CLASS ACTION</u><br><br><br><br><br><br><br><br><br><br>Civil Action No. 1:10-cv-03024-DAB<br><br><u>CLASS ACTION</u> |

## I. PRELIMINARY STATEMENT

Presently pending before this Court are at least eleven-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Fuqi International, Inc. ("Fuqi" or the "Company") securities between May 15, 2009 and March 17, 2010, inclusive (the "Class Period"), including all purchases made pursuant and/or traceable to Fuqi's registered secondary public offering of common stock, which closed on or about August 5, 2009 (the "Secondary Offering"), and alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member John Thayer ("Thayer") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Mr. Thayer as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve Mr. Thayer's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller")[1] to serve as Lead Counsel.

This motion is made on the grounds that Mr. Thayer is the most adequate plaintiff, as defined by the PSLRA. Mr. Thayer suffered losses of $259,945.95 in connection with his purchases of Fuqi securities during the Class Period. *See* Rosenfeld Decl., Ex. B[2]. In addition, Mr. Thayer, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of

---

[1] On March 31, 2010, Coughlin Stoia Geller Rudman & Robbins LLP changed its name to Robbins Geller Rudman & Dowd LLP.

[2] References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated May 18, 2010 and submitted herewith.

Civil Procedure in that his claims are typical of the claims of the putative Class and that he will fairly and adequately represent the interests of the Class.

## II. FACTUAL BACKGROUND

Fuqi is headquartered in Shenzhen, China and describes itself as a leading designer, producer and seller of high quality precious metal jewelry in China.

The Actions allege that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the Actions allege that defendants failed to disclose: (i) that the Company's financial results were artificially inflated due to Fuqi's material misstatement of its inventory and cost of sales; (ii) that the Company's internal and disclosure controls with respect to its inventory and cost of sales were materially deficient; (iii) that, as a result of the foregoing, Fuqi's financial statements were not fairly presented in conformity with U.S. Generally Accepted Accounting Principles and were materially false and misleading; and (iv) that, based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

In addition, the Prospectus issued by the Company in connection with the Secondary Offering contained, and incorporated by reference therein, materially false and misleading statements relating to Fuqi's cost of sales, gross profit and net income for the quarter ended March 31, 2009.

On March 16, 2010, Fuqi issued a press release announcing its preliminary financial results for the fourth quarter ended December 31, 2009, and a delay in the filing of its Annual Report on Form 10-K. In response to these statements, on the next trading day, shares of the Company's stock fell more than 37%, to close at $11.90 per share, on approximately 20 times its normal trading volume.

## III. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of certain of Fuqi securities for alleged violations of the Securities Act and the Exchange Act during the Class Period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Fuqi securities during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Fuqi securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Mr. Thayer Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Robert M. Hodge v. Fuqi International, Inc., et al.*, Civil Action No. 1:10-cv-02544-DAB, caused notice regarding the pendency of the Actions to be published on *Business Wire*, a national, business-oriented newswire service, on March 19, 2010. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the

Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Mr. Thayer Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Mr. Thayer Has Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on May 18, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on March 19, 2010), Mr. Thayer timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Mr. Thayer has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the Class. *See* Rosenfeld Decl., Ex. C. In addition, Mr. Thayer has selected and retained competent counsel to represent himself and the Class. *See* Rosenfeld Decl., Ex. D. Accordingly, Mr. Thayer has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

  **b. Mr. Thayer Has the Requisite Financial Interest in the Relief Sought By the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl., Ex. C., Mr. Thayer purchased Fuqi securities in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, Mr. Thayer incurred a substantial $259,945.95 loss on his transactions in Fuqi securities. Mr. Thayer thus has a significant financial interest in this case. Therefore, Mr. Thayer satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

  **c. Mr. Thayer Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Lax v. First Merchs. Acceptance Corp.*, No 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997).  Mr. Thayer satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quoting *In re Prudential Secs., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

Mr. Thayer satisfies this requirement because, just like all other Class members, he: (1) purchased Fuqi securities during the Class Period; (2) purchased Fuqi securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages

thereby. Thus, Mr. Thayer's claim is typical of those of other Class members since his claim and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Thayer to represent the Class to the existence of any conflicts between the interests of Mr. Thayer and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (citation omitted).

Here, Mr. Thayer is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Thayer, who purchased Fuqi securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Thayer are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Thayer's interest and those of the other members of the Class. Further, Mr. Thayer has taken significant steps which demonstrate that he will protect the interests of the Class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Mr. Thayer's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Thayer *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.   The Court Should Approve Mr. Thayer's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Mr. Thayer has selected the law firm of Robbins Geller as Lead Counsel, a firm which has substantial

experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller attained the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Mr. Thayer's selection of counsel.

## IV.  CONCLUSION

For all the foregoing reasons, Mr. Thayer respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Mr. Thayer as Lead Plaintiff in the Actions; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  May 18, 2010
ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

  */s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

- 8 -

ROY JACOBS & ASSOCIATES
ROY L. JACOBS, ESQ.
60 East 42nd Street 46th Floor
New York, NY 10165
Telephone:  212/867-1156
212-504-8343 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 18, 2010, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of John Thayer for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and
>
> Declaration of David A. Rosenfeld in Support of the Motion of John Thayser for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

FUQI INT'L

Service List - 5/17/2010   (10-0047)

Page 1 of 4

## Counsel For Defendant(s)

Kenneth A. Lapatine
Adam D. Cole
Greenberg Traurig, LLP
MetLife Building, 200 Park Avenue
New York, NY  10166
   212/801-9200
   212/801-6400 (Fax)

## Counsel For Plaintiff(s)

Karin E. Fisch
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY  10016
   212/889-3700
   212/684-5191 (Fax)

D. Seamus Kaskela
David M. Promisloff
Steven D. Resnick
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Antonio Vozzolo
Richard Schwartz
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
   212/983-9330
   212/983-9331 (Fax)

Jacob A. Goldberg
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046
   215/277-5770
   215/277-5771 (Fax)

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

David J. Jaroslawicz
Jaroslawicz & Jaros
225 Broadway, 24th Floor
New York, NY  10007
   212/227-2780
   212/227-5030 (Fax)

FUQI INT'L

Service List - 5/17/2010   (10-0047)

Page 2 of 4

| | |
|---|---|
| Frederic S. Fox<br>Donald R. Hall<br>Jeffrey P. Campisi<br>Kaplan, Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor<br>New York, NY  10022<br>  212/687-1980<br>  212/687-7714 (Fax) | Lynn Lincoln Sarko<br>Juli E. Farris<br>Elizabeth A. Leland<br>Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, WA  98101-3052<br>  206/623-1900<br>  206/623-3384 (Fax) |
| David S. Preminger<br>Keller Rohrback LLP<br>770 Broadway, Second Floor<br>New York, NY  10003<br>  646/495-6198<br>  646/495-6197 (Fax) | Joe Kendall<br>Hamilton P. Lindley<br>Kendall Law Group, LLP<br>3232 McKinney Avenue, Suite 700<br>Dallas, TX  75204<br>  214/744-3000<br>  214/744-3015 (Fax) |
| Deborah R. Gross<br>Robert P. Frutkin<br>Law Offices Bernard M. Gross, P.C.<br>100 Penn Square East, Suite 450<br>Wanamaker Bldg.<br>Philadelphia, PA  19107<br>  215/561-3600<br>  215/561-3000 (Fax) | Curtis V. Trinko<br>Wai K. Chan<br>Law Offices of Curtis V. Trinko LLP<br>16 West 46th Street, Seventh Floor<br>New York, NY  10036<br>  212/490-9550<br>  212/986-0158 (Fax) |
| Howard G. Smith<br>Law Offices of Howard G. Smith<br>3070 Bristol Pike, Suite 112<br>Bensalem, PA  19020<br>  215/638-4847<br>  215/638-4867 (Fax) | Kenneth A. Elan<br>Law Offices of Kenneth A. Elan<br>217 Broadway, Suite 606<br>New York, NY  10007<br>  212/619-0261<br>  212/385-2707 (Fax) |

FUQI INT'L

Service List - 5/17/2010    (10-0047)

Page 3 of 4

Marvin L. Frank
Brian P. Murray
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892 (Fax)

Mark I. Gross
Fei-Lu Qian
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516
   212/661-1100
   212/661-8665 (Fax)

Brian D. Long
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE  19801
   302/295-5310
   302/654-7530 (Fax)

Roy L. Jacobs
Roy Jacobs & Associates
60 East 42nd Street, 46th Floor
New York, NY  10165
   212/867-1156
   212/504-8343 (Fax)

Patrick V. Dahlstrom
Pomerantz Haudek Block Grossman & Gross LLP
10 South LaSalle Street, Suite 1000
Chicago, IL  60603
   312/377-1181
   312/377-1184 (Fax)

Seth D. Rigrodsky
Timothy J. MacFall
Rigrodsky & Long, P.A.
585 Stewart Avenue, Suite 304
Garden City, NY  11530
   516/683-3516

Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Jeffrey P. Harris
Elizabeth L. Hutton
Melinda S. Nenning
Statman Harris & Eyrich, LLC
441 Vine Street, Suite 3700
Cincinnati, OH  45202
   513/621-2666
   513/621-4896 (Fax)

FUQI INT'L

Service List - 5/17/2010    (10-0047)

Page 4 of 4

| Jules Brody | Joseph H. Weiss |
|---|---|
| Stull, Stull & Brody | Mark D. Smilow |
| 6 East 45th Street, 4th Floor | Weiss & Lurie |
| New York, NY 10017 | 551 Fifth Avenue, Suite 1600 |
| 212/687-7230 | New York, NY 10176 |
| 212/490-2022 (Fax) | 212/682-3025 |
| | 212/682-3010 (Fax) |