Mitchell M.Z. Twersky (MT-6739)
Lawrence D. Levit (LL-9507)
Ximena R. Skovron (XS-3397)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
**Proposed Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
PRADEEP MAHAPATRA, Individually and :
On Behalf of All Others Similarly Situated, :
:
       Plaintiff,   :    Case No. 10-cv-2515-DAB
:
  vs.   :    JUDGE DEBORAH A. BATTS
:
FUQI INTERNATIONAL, INC., YU KWAI :
CHONG, and CHING WAN WONG,   :    ECF Case
:
:
       Defendants.   :
:
---------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF THE PR GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
---------------------------------------------------------------X
ROBERT M. HODGE, Individually and              :
On Behalf of All Others Similarly Situated,    :
                                               :
            Plaintiff,                         :    Case No. 10-cv-2544-DAB
                                               :
    vs.                                        :    JUDGE DEBORAH A. BATTS
                                               :
FUQI INTERNATIONAL, INC., YU KWAI              :
CHONG, and CHING WAN WONG,                     :
                                               :
                                               :
            Defendants.                        :
                                               :
---------------------------------------------------------------X
THOMAS MARKEY, Individually and                :
On Behalf of All Others Similarly Situated,    :
                                               :
            Plaintiff,                         :    Case No. 10-cv-2556-DAB
                                               :
    vs.                                        :    JUDGE DEBORAH A. BATTS
                                               :
FUQI INTERNATIONAL, INC., YU KWAI              :
CHONG, CHING WAN WONG, LIE XI                  :
ZHUANG, and CHARLENE HUA,                      :
                                               :
            Defendants.                        :
                                               :
---------------------------------------------------------------X
```

```
---------------------------------------------------------------X
JOEL A. HOFFLICH, Individually and              :
On Behalf of All Others Similarly Situated,     :
                                                :
         Plaintiff,                             :    Case No. 10-cv-2610-DAB
                                                :
    vs.                                         :    JUDGE DEBORAH A. BATTS
                                                :
FUQI CORPORATION, YU KWAI CHONG,                :
CHING WAN WONG, LIE XI HUANG, LILLY             :
LEE CHEN, EILEEN B. BRODY, VICTOR A.            :
HOLLANDER, JEFF HAIYONG LIU, WILLIAM            :
BLAIR & COMPANY, COWEN & COMPANY,               :
OPPENHEIMER & CO.,                              :
                                                :
                                                :
         Defendants.                            :
                                                :
---------------------------------------------------------------X
CARLTON COWIE, Individually and                 :
On Behalf of All Others Similarly Situated,     :
                                                :
         Plaintiff,                             :    Case No. 10-cv-2611-DAB
                                                :
    vs.                                         :    JUDGE DEBORAH A. BATTS
                                                :
FUQI INTERNATIONAL, INC., YU KWAI               :
CHONG, and CHING WAN WONG,                      :
                                                :
                                                :
         Defendants.                            :
                                                :
---------------------------------------------------------------X
```

---------------------------------------------------------------X
FUCHSBERG INVESTMENT PARTNERS, :
Individually and On Behalf of All Others Similarly :
Situated, :
: 
        Plaintiff, :    Case No. 10-cv-2639-DAB
:
   vs. :    JUDGE DEBORAH A. BATTS
:
FUQI INTERNATIONAL, INC., YU KWAI :
CHONG, and CHING WAN WONG, :
:
:
        Defendants. :
:
---------------------------------------------------------------X
:
TAMY DEE THOMPSON, Individually and On :
Behalf of All Others Similarly Situated, :
:
        Plaintiff, :    Case No. 10-cv-2640-DAB
:
   vs. :    JUDGE DEBORAH A. BATTS
:
FUQI INTERNATIONAL, INC., et al., :
:
:
        Defendants. :
:
---------------------------------------------------------------X

```
------------------------------------------------------------X
HAI RONG YANG, Individually and On Behalf      :
of All Others Similarly Situated,              :
                                               :
            Plaintiff,                         :    Case No. 10-cv-2654-DAB
                                               :
    vs.                                        :    JUDGE DEBORAH A. BATTS
                                               :
FUQI INTERNATIONAL, INC., YU KWAI              :
CHONG, and CHING WAN WONG,                     :
                                               :
                                               :
            Defendants.                        :
                                               :
------------------------------------------------------------X
HARRY POGASH, Individually and On Behalf       :
of All Others Similarly Situated,              :
                                               :
            Plaintiff,                         :    Case No. 10-cv-2885-DAB
                                               :
    vs.                                        :    JUDGE DEBORAH A. BATTS
                                               :
FUQI INTERNATIONAL, INC., YU KWAI              :
CHONG, CHING WAN WONG, LIE XI                  :
ZHUANG, and CHARLENE HUA,                      :
                                               :
            Defendants.                        :
                                               :
------------------------------------------------------------X
```

```
---------------------------------------------------------------X
SIDNEY and ELAINE GLICK, Individually and       :
On Behalf of All Others Similarly Situated,     :
                                                :
            Plaintiffs,                         :   Case No. 10-cv-3007-DAB
                                                :
    vs.                                         :   JUDGE DEBORAH A. BATTS
                                                :
FUQI INTERNATIONAL, INC., YU KWAI               :
CHONG, and CHING WAN WONG,                      :
                                                :
                                                :
            Defendants.                         :
                                                :
---------------------------------------------------------------X
MICHAEL D. COOPER, JR., Individually and        :
On Behalf of All Others Similarly Situated,     :
                                                :
            Plaintiff,                          :   Case No. 10-cv-3024-DAB
                                                :
    vs.                                         :   JUDGE DEBORAH A. BATTS
                                                :
FUQI INTERNATIONAL, INC., YU KWAI               :
CHONG, CHING WAN WONG, LIE XI HUANG,            :
LILLY LEE CHEN, EILEEN B. BRODY,                :
VICTOR A. HOLLANDER, JEFF HAIYONG               :
LIU, WILLIAM BLAIR & COMPANY, L.L.C.,           :
OPPENHEIMER & CO. INC., and COWEN AND           :
COMPANY, LLC,                                   :
                                                :
            Defendants.                         :
                                                :
---------------------------------------------------------------X
```

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . . . 3

II.  FEDERAL SECURITIES LAW PROVIDES THAT A LEAD PLAINTIFF
     BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION . . . . . . . . . . . . . 4

III. THE PR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . . . . . . . . . . . . 5

     A.   The PR Group Has Filed This Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   The PR Group Has The Requisite Financial Interest In The Relief
          Sought By The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.   The PR Group Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.  THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF
     COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**CASES**

                                           **PAGE(S)**

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*In re Smith Barney Transfer Agent Litig.*,
    No. 05-Civ-7583 (WHP),
    2006 U.S. Dist. LEXIS 19728 (S.D.N.Y. Apr. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Werner v. Satterlee, Stephens, Burke & Burke*,
    797 F. Supp. 1196 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES AND RULES**

15 U.S.C. § 77z-1(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 77z-1(a)(3)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 77z-1(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 78u-4(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

Fed. R. Civ. P. 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Movants Puerto Rico Government Employees and Judiciary Retirement Systems Administration, Craig B. Laub, J.D. Pisut and Sandra Redfern (together, the "PR Group") respectfully submit this memorandum, along with the accompanying Declaration of Mitchell M.Z. Twersky in Support of Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Lead Counsel (the "Twersky Decl.") in support of their motion: (i) to consolidate the above-captioned actions (the "Actions"); (ii) to be appointed Lead Plaintiff; and (iii) for approval of their selection of the firm of Abraham, Fruchter & Twersky, LLP as lead counsel.

## PRELIMINARY STATEMENT

These Actions were brought on behalf of a class (the "Class") of all persons or entities who purchased or acquired the common stock or depository shares of Fuqi International, Inc. ("Fuqi" or the "Company") between May 15, 2009 and March 16, 2010, inclusive (the "Class Period"). Complaint ¶¶1, 36.[1] Fuqi, as well as its senior executive officers, Yu Kwai Chong and Ching Wan Wong, are named as defendants. Complaint ¶¶12-14.[2]

Fuqi is a leading designer of high quality precious metal jewelry in China. It develops, promotes and sells a broad range of products in the large and expanding Chinese luxury goods market. Complaint ¶16. Fuqi, through press releases and filings made with the Securities and Exchange Commission (the "SEC") regularly reported its financial condition and results of operations to the investing public. *E.g.*, Complaint ¶¶17-21, 23-24. In addition, on or about July 21, 2009, Fuqi filed a Form S-3/A registration statement for a secondary offering and then on or about July 30, 2009 filed, pursuant to Rule 462(b), a Form S-3 registration statement to register

---

[1] This summary is taken from the complaints filed in the Actions. Paragraph references are to the Complaint filed in *Mahapatra v. Fuqi International, Inc. et al.*, 10 CIV 2515 (S.D.N.Y.).

[2] Certain of the complaints filed in the Actions name additional defendants.

an additional amount of common stock (together, the "Registration Statements").[3] On or about July 31, 2009, Fuqi filed with the SEC a prospectus supplement, which formed part of the Registration Statements, offering 4,855,000 common shares to the public at $21.50 per common share.[4]

Fuqi's public statements, including its Registration Statements, were materially false or misleading. Defendants failed to disclose material adverse facts concerning the Company's finances. Specifically, Defendants failed to disclose the following: (1) that the Company's cost of sales was understated during the Class Period; (2) that because of such understatement, the Company's financial results were overstated during the Class Period; (3) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) that the Company lacked adequate internal financial controls; and (5) that, because of the above, the Company's financial statements were materially false and misleading at all relevant times. Complaint ¶27.

On March 16, 2010, the Company filed a Form 8-K with the SEC, stating, in part, that its previously issued financial statements for the three months ended March 31, 2009, for the three and six months ended June 30, 2009 and for the three and nine months ended September 30, 2009 should not be relied upon due to an error in the accounting of inventory and cost of sales. The Company further stated that the accounting errors were expected to have a material impact on the previously issued quarterly financial statements for the first three quarters of 2009. Moreover, the Company stated that its latest estimate indicated that the overstatement was

---

[3] *See, e.g.*, *Hodge v. Fuqi International, et al.*, 10 CIV 2544 (S.D.N.Y.) Complaint at ¶¶31-33.

[4] *See Hodge*, 10 CIV 2544 (S.D.N.Y.) Complaint at ¶34.

expected to be approximately 12-14% and 21-23% for the first quarter and the second quarter of 2009, respectively, and the earnings per share included in the previously issued financial statements for the nine months ended September 30, 2009 were overstated by approximately $0.15-$0.19 per share.  Complaint ¶29.

The disclosure of these material facts caused the price of Fuqi shares to decline $7.10 per share or approximately 37.4% to close on March 17, 2010 at $11.90 per share on unusually heavy volume.  Complaint ¶¶30.  The PR Group members purchased Fuqi shares during the Class Period, including in its public offering on July 31, 2009.  *See* Twersky Decl., Ex. B.

**ARGUMENT**

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Rule 42(a) grants the Court discretion to consolidate "actions involving a common question of law or fact."  The Court has broad discretion under this rule to consolidate cases pending within this District.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  In addition, the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") dictate that consolidation should occur where, as here, more than one action asserts "substantially the same claim."  15 U.S.C. § 77z-1(a)(3)(B)(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The actions, however, need not be identical before they may be consolidated.  *See*, *e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (differing class periods and different defendants do not prevent consolidation).

Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.  *See, e.g., Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc.*

*Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports.") (internal quotations omitted).  Any minor differences in asserted claims will not prevent consolidation.  *See, e.g.*, *Kaplan*, 240 F.R.D. at 91 (finding that different class periods and different defendants will not prevent consolidation).

Here, the above-captioned actions filed against various defendants involve the artificial price inflation of the Company's securities and present common questions of fact.  Given the overlapping facts and common defendants among the cases, consolidation is not only appropriate, but will also conserve judicial resources and promote the efficient prosecution of these actions. *Kaplan*, 240 F.R.D. at 92.

## II.     FEDERAL SECURITIES LAW PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the securities laws by enacting the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Specifically, Section 27 of the Securities Act and Section 21D of the Exchange Act provide that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. § 77z-1(a)(3); 15 U.S.C. § 78u-4(a)(3).

On March 19, 2010, a notice was published on the Business Wire concerning the filing of the first federal class action which is the subject of this motion.  *See* Twersky Decl., Ex. A.  The

notice advised members of the purported class of the pendency of the action, the claims asserted, the purported class period and the right to move the Court within 60 days for appointment as lead plaintiff. As a result, the notice satisfied all the requirements of the PSLRA. *See generally*, *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

The PSLRA directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

> (aa)  has either filed the complaint or made a motion in the response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interests of the class; and
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### III.  THE PR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PR Group satisfies the prerequisites for appointment as lead plaintiff and because it has the largest financial interest in the relief sought by the class, it is the presumptive lead plaintiff

and should be appointed Lead Plaintiff. In addition, there are no deficiencies in its adequacy which would cause it to be an inappropriate choice to serve as lead plaintiff for the Class.

### A.     The PR Group Has Filed This Motion

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, the PR Group is making a motion in response to a notice. As such, the PR Group satisfies the first prong of the most adequate plaintiff test.

### B.     The PR Group Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The PR Group has incurred losses of approximately $869,548.51 in connection with the purchases of Fuqi shares during the Class Period.[5] It is believed that this loss is the largest loss of those who are moving for lead plaintiff. *See* Twersky Decl., Ex. C. Accordingly, the PR Group is presumed to be the most adequate plaintiff and should be appointed Lead Plaintiff. *See In re Smith Barney Transfer Agent Litig.*, No. 05-Civ-7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *7-8 (S.D.N.Y. Apr. 17, 2006) (citations omitted).

### C.     The PR Group Otherwise Satisfies Rule 23

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if

---

[5] The losses were calculated using the first-in, first-out method. Using the last-in, first-out method, the PR Group had losses of approximately $849,773.48. *See* Twersky Decl., Ex. C.

the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted). As detailed below, the PR Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See*, *e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). The PR Group satisfies this requirement because, just like all other members of the Class, the members of the PR Group each purchased Fuqi shares during the Class Period. They also purchased shares in the Company's July 2009 stock offering and thus have standing to assert Securities Act claims arising from such purchases. Thus, the PR Group's claims are typical of those of other Class members because the PR Group's claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. In this Circuit adequacy depends on: (1) whether the named plaintiff and his counsel have any conflicts of interest with other class members; (2) whether class counsel is qualified and experienced; and (3) whether the named plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Kaplan*, 240 F.R.D. at 94.

Here, the PR Group has no conflict with the interests of the other members of the Class. The PR Goup wants to obtain the maximum recovery for the Class so as to maximize its pro rata share of that recovery. The PR Group and its counsel have also demonstrated that they will prosecute the claims of the Class vigorously by having executed certifications, acted to file this motion and seeking to assert claims on behalf of the Class.

In addition, as shown below, the PR Group's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, the PR Group satisfies the adequacy requirements of Rule 23.

### IV.    THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF COUNSEL

The PSLRA provides that the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, the PR Group has selected and retained Abraham, Fruchter & Twersky, LLP to serve as counsel. Abraham, Fruchter & Twersky, LLP has previously practiced before this Court and has the commitment and ability to accomplish the required tasks since it has extensive experience and is highly competent in prosecuting similar actions. *See* Twersky

Decl., Ex. D.

## CONCLUSION

In light of the foregoing, the PR Group respectfully requests that the Court: (i) consolidate the related Actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint the PR Group as Lead Plaintiff for the Class; and (iii) approve the selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel for the Class.

Dated: May 18, 2010

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By: /s/ Mitchell M.Z. Twersky
  Mitchell M.Z. Twersky (MT-6739)
  Lawrence D. Levit (LL-9507)
  Ximena R. Skovron (XS-3397)
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**