**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRADEEP MAHAPATRA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHIN WAN WONG,<br><br>Defendants. | Civil Action No.: 10-cv-02515-DAB<br><br>(ECF Case)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF CHARLES GRENADIER'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF CHARLES GRENADIER AS LEAD PLAINTIFF AND APPOINTMENT OF CO-LEAD COUNSEL** |
| ROBERT M. HODGE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHIN WAN WONG<br><br>Defendants. | Civil Action No.: 10-cv-02544-DAB |
| THOMAS MARKEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHIN WAN WONG, LIE XI ZHUANG, and CHARLENE HUA<br><br>Defendants. | Civil Action No.: 10-cv-02556-DAB |
| JOEL A. HOFFLICH, on behalf of himself and all others similarly situated,<br><br>Plaintiff, | Civil Action No.: 10-cv-02610-DAB |

| | |
|---|---|
| v.<br><br>FUQI CORPORATION, YU KWAI CHONG, CHING WAN WONG, LIE XI HUANG, LILLY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, HAIYONG JEFF LIU, WILLIAM BLAID & COMPANY, COWEN & COMPANY, and OPPENHEIMER & Co.<br><br>Defendants. | |
| CARLTON COWIE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHIN WAN WONG<br><br>Defendants. | Civil Action No.: 10-cv-2611-DAB |
| FUCHSBERG INVESTMENT PARTNERS, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI CORPORATION, YU KWAI CHONG, and CHING WAN WONG,<br><br>Defendants. | Civil Action No.: 10-cv-2639-DAB |
| TAMY DEE THOMPSON, Individually and On behalf of All Others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI CORPORATION, YU KWAI CHONG, and CHING WAN WONG, LIE XI ZHUANG, | Civil Action No.: 10-cv-2640-DAB |

| | |
|---|---|
| EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & CO., OPPENHEIMER & CO. INC., COWEN AND COMPANY, LLC<br><br>Defendants. | |
| HAI RONG YANG, Individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FUQI CORPORATION, YU KWAI CHONG, and CHING WAN WONG,<br><br>Defendants. | Civil Action No.: 10-cv-2654-DAB |
| HARRY POGASH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, and CHARLENE HUA<br><br>Defendants. | Civil Action No.: 10-cv-2855-DAB |
| SIDNEY and ELAINE GLICK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHIN WAN WONG<br><br>Defendants. | Civil Action No.: 10-cv-03007-DAB |

MICHAEL D. COOPER, JR., on behalf of himself and all others similarly situated,

Plaintiff,

v.

FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & CO., LLC, OPPENHEIMER & CO, INC., and COWEN AND COMPANY, LLC

Defendants.

Civil Action No.: 10-cv-03024-DAB

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS ........ 1

III. ARGUMENT ........ 3

A. The Related Actions Should Be Consolidated Pursuant To Fed. R. Civ. P. 42(A) ........ 3

B. Charles Grenadier Should be Appointed as Lead Plaintiff ........ 4

1. The Procedure for Appointment of Lead Plaintiff under the PSLRA ........ 4

2. Mr. Grenadier Has Satisfied PLSRA Requirements ........ 4

3. Charles Grenadier Has the Largest Financial Interest in the Relief Sought by the Class ........ 5

4. Charles Grenadier Satisfies Rule 23 Requirements of Adequacy and Typicality ........ 6

C. The Court Should Approve Charles Grenadier's Choice of Co-Lead Counsel ........ 8

IV. CONCLUSION ........ 8

## TABLE OF AUTHORITIES

**Cases**

*Armour v. Network Assocs.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001) .................................4, 6, 7

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996)...............................................5

*Hanon v. Dataprods. Corp.*, 976 F.2d 497 (9th Cir. 1992) .........................................................7

*Hargett v. Alley Fed. Sav. Bank*, 60 F.3d 754 (11th Cir. 1995)...................................................3

*In re Bank of America Corp. Sec., Derivative & Employment Ret. Income Sec. Act (ERISA) Litig.*, 258 F.R.D. 260 (S.D.N.Y. 2009) ..........................................................3, 4, 7

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ..........................................................................4

*In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717 (C.D. Cal. 2002)..............................................7

*In re Fuwei Films Sec. Litig.*, 247 F.R.D 432 435 (S.D.N.Y. 2008) .......................................3, 6

*In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404 (D.N.J. 1998) ..........................................5

*In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206 (D.N.J. 1999) .........................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998)..............................6

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990)..........................................................3

*Miller v. United States Postal Serv.*, 729 F.2d 1033 (5th Cir. 1995)...........................................3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................................7

*Schonfield v. Dendreon Corp.*, No. 07-800, 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007) ...............................................................................................................3

*W. Pa. Elec. Employees Pension Trust*, No. 07-C-582, 2007 U.S. Dist LEXIS 95707 (E.D. Wis. Nov. 7, 2007) ........................................................................................7

**Statutes**

15 U.S.C. § 77j(b) ........................................................................................................................1

15 U.S.C. § 77t(a) .........................................................................................................................1

15 U.S.C. § 78u-4(a) ...........................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 .......... passim

Fed. R. Civ. P. 42 .......... 1, 3, 4

**Regulations**

17 C.F.R. § 240.10b-5 .......... 1

Charles Grenadier respectfully submits this memorandum in support of his motion under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for: (1) consolidation of all Related Actions, (2) appointment of Charles Grenadier as Lead Plaintiff in the action and any subsequently filed cases; and (3) approval of Charles Grenadier's selection of Statman Harris & Eyrich L.L.C. and Keller Rohrback L.L.P. as Co-Lead Counsel.

## I. INTRODUCTION

Charles Grenadier's Motion should be granted. The eleven related actions captioned above (the "Related Actions") should be consolidated pursuant to Fed. R. Civ. P. 42(a) and Charles Grenadier appointed Lead Plaintiff. As shown below, this Motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants. Furthermore, Charles Grenadier believes that he is the "most adequate plaintiff" within the meaning of the PSLRA because he has the largest financial interest of any movant in the relief sought by the proposed Class and otherwise meets the requirements of Fed. R. Civ. P. 23(a). Charles Grenadier's selection of Statman Harris & Eyrich L.L.C. and Keller Rohrback L.L.P. as Co-Lead Counsel should also be approved, as they have substantial experience prosecuting securities and other complex class actions.

## II. SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

Mr. Grenadier seeks consolidation and appointment as Lead Plaintiff with respect to eleven related actions filed between March 19 and April 20, 2010 alleging similar facts. These Complaints allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 77j(b) and 77t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, on behalf of all persons or entities who purchased or otherwise acquired securities in FuQi International,

Inc. ("FuQi") (the "FuQi Securities") between May 15, 2009 and March 16, 2010, inclusive (the "Class Period").[1]

Plaintiffs allege that during the Class Period, FuQi and certain of its officers and directors made false and misleading statements regarding the Company's financial position in violation of Sections 10(b) and 20(a) of the Exchange Act. Specifically, throughout the Class Period, defendants are alleged to have falsified FuQi's financial statements for the first three quarters of 2009 by understating the cost of sales for the period, overstating gross profit, net income, and earnings per share for the period, making it impossible for shareholders to gain a meaningful or realistic understanding of the Company's true financial position.

On March 16, 2010, FuQi revealed accounting irregularities that resulted in the Company overstating its reported earnings for the first nine months of 2009. Defendants caused the Company to file a Current Report on Form 8-K with the SEC and to issue a press release disclosing that FuQi's internal accounting controls were in disarray and its revenue and profit were below the Company's expectations for the fourth quarter. The Company also reported that it would have to delay the filing of its annual report.

As a result of this news, FuQi's stock plummeted $7.10 per share to close at $11.90 per share on March 17, 2010, a one-day decline of 37.4% on volume of over 17.3 million shares, over 14 times the average three-month daily volume. Prior to this decline, FuQi stock traded at artificially inflated prices during the Class Period, reaching a high of $31.86 on September 15, 2009. The inflation in FuQi's stock price during the Class Period permitted the Company to

1 One of the complaints, *Hodge v. Fuqui Int'l*, No. 10-cv-02544, alleges a Class Period ending March 17, 2010. In addition, the complaint in *Thompson v. Fuqui*, No. 10-cv-2640, also alleges claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

complete a share offering in August 2009 of over 5 million shares of FuQi stock at $21.50 per share for proceeds of approximately $112 million.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated Pursuant To Fed. R. Civ. P. 42(A)

Consolidation is appropriate where there are actions involving "common question[s] of law or fact" pending before the Court. *In re Bank of America Corp. Sec., Derivative & Employment Ret. Income Sec. Act (ERISA) Litig.*, 258 F.R.D. 260, 267 (S.D.N.Y. 2009); *In re Fuwei Films Sec. Litig.*, 247 F.R.D at 432, at 435 (S.D.N.Y. 2008); Fed. R. Civ. P. 42(a). Class action shareholder suits are ideally suited for consolidation, therefore. *See Schonfield v. Dendreon Corp.*, No. 07-800, 2007 U.S. Dist. LEXIS 76816, at *5 (W.D. Wash. Oct. 4, 2007) ("Consolidation would provide the benefit of cost-savings and uniformity of decision-making, while at the same time avoiding the possible pitfall of *res judicata* application of earlier decision to later-decided claims."). "The trial court has broad discretion to consolidate actions under Rule 42(a)," so long as convenience and economy do not override "a paramount concern for a fair and impartial trial." *Fuwei,* 247 F.R.D. at 435 (citing *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990)).

The Related Actions present virtually identical factual and legal issues, as they all arise out of the same alleged violation of the federal securities laws. Each action has been filed pursuant to the Exchange Act, involves substantially the same parties, and arises from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Dendreon Corp.,* 2007 U.S. Dist. LEXIS 76816, at *5. Because these

actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a).

**B. Charles Grenadier Should be Appointed as Lead Plaintiff**

**1. The Procedure for Appointment of Lead Plaintiff under the PSLRA**

The PSLRA sets forth the procedure governing the appointment of lead plaintiffs in each private action arising under the Securities Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(1). The Court is required to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." *In re Bank of America*, 258 F.R.D. at 268 (S.D.N.Y. 2009) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)); *see also* 15 U.S.C. § 78u-4(a)(3)(A). To do so, the Court must engage in a two-step process:

> First, the PSLRA sets forth a rebuttable presumption that "the most adequate plaintiff" is "the person or group of persons" who or that (a) has either filed the complaint or made a motion for appointment as lead plaintiff, (b) had "the largest financial interest in the relief sought by the class, and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

*Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1047-48 (N.D. Cal. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Grenadier meets each of these requirements.

**2. Mr. Grenadier Has Satisfied PLSRA Requirements**

Mr. Grenadier has satisfied the PSLRA requirements by timely filing this motion for appointment as lead plaintiff within 60 days of the issuance of the first Notice of Action, consistent with the statute. *Bank of America,* 258 F.R.D. at 268 (citing 15 U.S.C. § 78u-

4(a)(3)(b)(iii)(1)); *accord* 15 U.S.C. § 78u-4(a)(3)[2]; *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 216 (D.N.J. 1999); *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996).

Charles Grenadier also satisfies each of the other requirements of the PSLRA. He has signed a Lead Plaintiff's Certification form under oath, which:

(i) states that he reviewed the Complaint;

(ii) states that he did not purchase the FuQi International, Inc. Securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii) states that he is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of his transactions in the Company during the Class Period;

(v) states that he has not sought to serve, nor has served, as a representative party on behalf of a class in any private federal securities action; and

(vi) states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

*See* 15 U.S.C. § 78u-4(a)(2). In addition, Mr. Grenadier, to his knowledge, has the largest financial interest in the relief sought by the class and satisfies the Rule 23 requirements of typicality and adequacy.

**3. Charles Grenadier Has the Largest Financial Interest in the Relief Sought by the Class**

Charles Grenadier believes that he has "the largest financial interest in the relief sought by the class" within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). In order to make this determination as mandated by the PSLRA, courts in this district typically may

---

2 A copy of the Notice, which was issued on March 19, 2010, is attached as Exhibit A to the Declaration of Juli E. Farris in Support of Charles Grenadier's Motion for Consolidation of Related Actions, Appointment of Charles Grenadier as Lead Plaintiff, and Appointment of Lead Counsel ("Farris Decl.").

consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net fund expended during the class period; (4) the approximate losses suffered." *Fuwei,* 247 F.R.D. at 437 (S.D.N.Y. 2008). According to the information provided in his Certification (*see* Lead Plaintiff's Certification, Exhibit B to the Farris Decl.), Charles Grenadier purchased 10,000 shares during the Class Period and sustained a total loss of $209,050. Charles Grenadier knows of no other persons who have sought to be Lead Plaintiff in this action who possess a larger financial interest in the relief sought by the Class.

**4. Charles Grenadier Satisfies Rule 23 Requirements of Adequacy and Typicality**

Charles Grenadier satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) is satisfied for the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the claims of the class; and (ii) the proposed plaintiff will fairly and adequately protect the interests of the Class. *Armour,* 171 F. Supp. 2d at 1051.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.[3] "[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23." *Bank of America,* 258 F.R.D. at 268; *Fuwei,* 247 F.R.D. at 436. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry into the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Pirelli Armstrong Tire*

[3] Although there are two other requirements under Fed. R. Civ. P. 23(a) – that the class be so numerous that joinder of all the members is impracticable (Fed. R. Civ. P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed. R. Civ. P. 23(a)(2)) – "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

*Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004); *W. Pa. Elec. Employees Pension Trust*, No. 07-C-582, 2007 U.S. Dist LEXIS 95707 at *4 (E.D. Wis. Nov. 7, 2007).

Charles Grenadier satisfies the "typicality" and "adequacy" requirements under Rule 23(a). The "typicality" requirement is satisfied where, as here, the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. *Bank of America*, 258 F.R.D. at 269; *Armour*, 171 F. Supp. 2d at 1052 (citing *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The "adequacy" requirement of Rule 23(a)(4) is satisfied when, as here, the proposed class representative does not have interests antagonistic to the proposed Class, and where the proposed class representative has retained experienced and capable counsel. *Bank of America*, 258 F.R.D. at 269; *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).

In this action, Charles Grenadier's claims are typical of those claims belonging to all Class Members. Like all Class members, Charles Grenadier suffered damages when Defendants sold him Company securities pursuant to materially false and misleading statements. Furthermore, Charles Grenadier's interests are clearly aligned with those of the members of the Class and there is no evidence of any antagonism between Charles Grenadier's interests and those of the Class. In addition, Charles Grenadier has already demonstrated that he will adequately represent the interests of the Class by having obtained qualified and experienced counsel, and by submitting a certification to the Court indicating that he is willing to assume the responsibilities of a class representative. Also, Charles Grenadier's counsel vigorously seeks to

protect the interests of the Class. All these factors demonstrate that Charles Grenadier's claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

### C. The Court Should Approve Charles Grenadier's Choice of Co-Lead Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should approve Statman Harris & Eyrich L.L.C. and Keller Rohrback L.L.P. as Co-Lead Counsel. These firms have extensive experience in the area of securities, ERISA, and consumer class action litigation (*see* Exhibit C and D, Farris Decl.). Thus, the Court may be assured that the members of the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Charles Grenadier respectfully asks that this Court consolidate all Related Actions, appoint him to serve as Lead Plaintiff in this action, and approve his selection of Statman Harris & Eyrich L.L.C. and Keller Rohrback L.L.P. as Co-Lead Counsel.

Respectfully submitted,

Dated: New York, NY
May 18, 2010

KELLER ROHRBACK, L.L.P.

/s/ David S. Preminger
David S. Preminger (DP 1057)
770 Broadway, Second Floor
New York, NY 10003
Telephone: (646) 495-6198
Facsimile: (646) 495-6197
dpreminger@kellerrohrback.com

STATMAN HARRIS & EYRICH L.L.C.
Jeffrey P. Harris
Elizabeth L. Hutton
Melinda S. Nenning
441 Vine Street, Ste 3700
Cincinnati, OH 45202
Telephone: (513) 621-2666
Facsimile: (513) 621-4896
jharris@statmanharris.com
ehutton@statmanharris.com
mnenning@statmanharris.com

KELLER ROHRBACK L.L.P.
Lynn L. Sarko
Juli E. Farris
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
lsarko@kellerrohrback.com
jfarris@kellerrohrback.com
bleland@kellerrohrback.com

***Co-Counsel for Movant Charles Grenadier***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2010, a copy of the foregoing document, entitled MEMORANDUM OF LAW IN SUPPORT OF CHARLES GRENADIER'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF CHARLES GRENADIER AS LEAD PLAINTIFF AND APPOINTMENT OF CO-LEAD COUNSEL was filed electronically, and is being served electronically this date upon all involved parties participating in the Court's electronic filing system or by first-class mail, postage pre- paid, as reflected below.

| | |
|---|---|
| Marvin Lawrence Frank<br>Murray, Frank & Sailer, LLP<br>275 Madison Avenue, Suite 801<br>New York , NY 10016<br>(212) 682-1818<br>Fax: (212) 682-1892<br>***Counsel for Plaintiff Pradeep Mahapatra*** | ☐ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☒ CM/ECF |
| Howard Rudman<br>Mario Alba , Jr<br>David Avi Rosenfeld<br>Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>(631) 367-7100<br>Fax: (631) 367-1173<br>***Counsel for Plaintiff Robert M. Hodge*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Kenneth Alan Lapatine<br>Adam David Cole<br>Greenberg Traurig, LLP (NYC)<br>200 Park Avenue<br>New York, NY 10166<br>(212) 801-3189<br>Fax: (212) 688-2449<br>***Counsel for Defendant FuQi International, Inc.*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |

| | |
|---|---|
| Richard Daniel Schwartz<br>Faruqi & Faruqi, LLP<br>369 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>(212) 983-9330<br>Fax: (212) 983-9331<br>***Counsel for Plaintiff Thomas Markey*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Frederic Scott Fox, Sr.<br>Jeffrey Philip Campisi<br>Pamela A. Mayer<br>Kaplan Fox & Kilsheimer LLP 850 Third Avenue, 14th Floor<br>New York , NY 10022<br>(212) 687-1980<br>Fax: (212) 687-7714<br>***Counsel for Plaintiff Carlton Cowie*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| David Jaroslawicz<br>Jaroslawicz & Jaros, LLC<br>225 Broadway, Suite 2410<br>New York, NY 10007<br>(212) 227-2780<br>Fax: (212) 227-5090<br><br>Karin Elizabeth Fisch<br>Abbey Spanier Rodd Abrams & Paradis, LLP<br>212 East 39th Street<br>New York, NY 10016<br>(212) 889-3700<br>Fax: (212) 684-5191<br>***Counsel for Plaintiff Joel A. Hofflich*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Fei-Lu Qian<br>Marc Ian Gross<br>Pomerantz Haudek Block Grossman & Gross<br>100 Park Avenue, 26th Floor<br>New York, NY 10017<br>(212) 661-1100<br>Fax: (212) 661-8665<br>***Counsel for Plaintiff Fuchsberg Investment Partners*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Timothy John MacFall<br>Rigrodsky & Long, P.A.<br>585 Stewart Avenue, Suite 304 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery |

| | |
|---|---|
| Garden City, NY 11530<br>(516) 683-3516<br>***Counsel for Plaintiff Tamy Dee Thompson*** | ☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Joe Kendall<br>Provost, Umphrey Law Firm-Dallas<br>3232 McKinney Ave., Suite 700<br>Dallas, TX 75204<br>(214) 744-3000<br>Fax: (214) 744-3015<br>***Counsel for Plaintiff Hai Rong Yang*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Joseph Harry Weiss<br>Mark David Smilow<br>Weiss & Lurie<br>551 Fifth Ave.<br>New York, NY 10176<br>(212) 682-3025<br>Fax: (212) 682 3010<br>***Counsel for Plaintiff Sidney Glick*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |
| Curtis Victor Trinko<br>Kinny Wai Chan<br>Law Offices of Curtis V. Trinko, LLP<br>16 West 46th Street, Seventh Floor<br>New York, NY 10036<br>(212) 490-9550<br>Fax: (212) 986-0158<br>***Counsel for Plaintiff Michael D. Cooper, Jr.*** | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Delivery<br>☐ E-Mail<br>☐ CM/ECF |

Dated: May 18, 2010

Debra Wilcher, Legal Assistant