UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 10-CV-2515-DAB |
| Plaintiff, ) | ECF CASE |
| v. ) ) ) | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, ) ) ) ) | |
| Defendants. ) ) | |

(Caption continued on subsequent pages)


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
KEITH A. OVITT FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS
SELECTION OF COUNSEL AS LEAD COUNSEL FOR THE CLASS, AND
CONSOLIDATION OF ALL RELATED ACTIONS**

| | |
|---|---|
| ROBERT M. HODGE, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 10-CV-2544-DAB )  ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, | ) ) ) ) |
| Defendants. | ) ) |
| THOMAS MARKEY, Individually and on Behalf of All Others Similarly Situated, | ) ) Case No. 10-CV-2556-DAB ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG and CHARLENE HUA, | ) ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| JOEL A. HOFFLICH, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 10-CV-2610-DAB<br>)<br>) |
| Plaintiff, | ) ECF CASE<br>) |
| v. | )<br>)<br>) |
| FUQI CORPORATION, YU KWAI CHONG, CHING WAN WONG, LIE XI HUANG, LILLY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, HAIYONG JEFF LIU, WILLIAM BLAIR & CO., COWEN & COMPANY LLC, and OPPENHEIMER & CO., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| CARLTON COWIE, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 10-CV-2611-DAB<br>)<br>) |
| Plaintiff, | ) ECF CASE<br>) |
| v. | )<br>)<br>) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | )<br>)<br>) |
| Defendants. | )<br>) |

| | |
|---|---|
| FUCHSBERG INVESTMENT PARTNERS, individually and on behalf of all others similarly situated, | ) Case No. 10-CV-2639-DAB ) ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) ) ) ) |
| Defendants. | ) ) |
| TAMY DEE THOMPSON, individually and on behalf of all others similarly situated, | ) Case No. 10-CV-2640-DAB ) ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & CO., OPPENHEIMER & CO., INC., and COWEN AND COMPANY LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| HAI RONG YANG, individually and on behalf of all others similarly situated, | ) Case No. 10-CV-2654-DAB |
| Plaintiff, | ) ECF CASE |
| v. | ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) |
| Defendants. | ) |
| HARRY POGASH, individually and on behalf of all others similarly situated, | ) Case No. 10-CV-2885-DAB |
| Plaintiff, | ) ECF CASE |
| v. | ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG and CHARLENE HUA, | ) |
| Defendants. | ) |

|  |  |
|---|---|
| SIDNEY and ELAINE GLICK, individually and on behalf of all others similarly situated, | ) Case No. 10-CV-3007-DAB ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) ) ) ) |
| Defendants. | ) ) |
| MICHAEL D. COOPER, JR., individually and on behalf of all others similarly situated, | ) Case No. 10-CV-3024-DAB ) ) |
| Plaintiff, | ) ECF CASE ) |
| v. | ) ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & CO., OPPENHEIMER & CO., INC., and COWEN AND COMPANY LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 3

ARGUMENT ................................................................................................................................ 5

I.      Keith A. Ovitt Should Be Appointed Lead Plaintiff............................................................ 5

        A.      Mr. Ovitt Believes He Has the Largest
               Financial Interest in the Relief Sought by the Class ...................................................... 5

        B.      Mr. Ovitt Otherwise Satisfies the Relevant Requirements
               of Rule 23...................................................................................................................... 6

            i.      Mr. Ovitt's Claims Are Typical of the Claims
                 of the Class.................................................................................................. 7

            ii.     Mr. Ovitt Will Fairly and Adequately
                 Represent the Interests of the Class ............................................................ 7

I.      This Court Should Approve Mr. Ovitt's Selection
        of Bernstein Litowitz as Lead Counsel .............................................................................. 8

III.    The Related Actions Should Be Consolidated.................................................................... 9

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albert Fadem Trust v. Citigroup, Inc.*,
   239 F. Supp. 2d 344 (S.D.N.Y. 2002)..................................................................................5

*Glauser v. EVCI Center Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................................10

*In re Comverse Tech., Inc. Sec. Litig.*,
   06-cv-1825(NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...................................6

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ...........................................................................................6

*In re Olsten Corp. Sec. Litig*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................6

*In re Waste Mgmt. Inc. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................8, 10

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................10

*Xianglin Shi v. Sina Corp.*,
   No. 05 Civ. 2154(NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005).....................................7

**STATUTES**

15 U.S.C. § 77z-1................................................................................................................ *passim*

15 U.S.C. § 78u-4 ............................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23................................................................................................................ *passim*

Fed. R. Civ. P. 42(a) .........................................................................................................................1

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...............................8

Keith A. Ovitt respectfully submits this memorandum in support of his motion (i) to be appointed Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) for approval of his selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class, and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

These lawsuits arise from allegations concerning violations of the federal securities laws by Fuqi International, Inc. ("Fuqi" or the "Company"), certain of its officers and directors, and the underwriters of the Company's July 2009 stock offering (collectively, "Defendants"). During the period from May 15, 2009 through March 17, 2010 (the "Class Period"), Defendants disseminated materially false and misleading information concerning the Company's operations and financial condition while suppressing or recklessly ignoring information known to them about the Company's business and finances, including the "material weakness" in its internal financial controls that caused at least three of the Company's most recent quarterly reports to materially overstate gross profit and net income. Defendants' misstatements and omissions during the Class Period artificially inflated the price of Fuqi common stock and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff in these actions. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In so doing, the Court must consider which movant has the "largest financial interest" in the relief

sought by the Class and whether there has been a *prima facie* showing that the movant is an adequate and typical class representative under Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Ovitt respectfully submits that he is the "most adequate plaintiff," as defined by the PSLRA, because he has the largest financial interest in the relief sought in this action and otherwise satisfies the requirements of Rule 23 of the Federal Rules. As demonstrated in the certification submitted herewith, Mr. Ovitt purchased Fuqi common stock during the Class Period and suffered losses of approximately $609,570.50 as a result of Defendants' misconduct.[1] By virtue of his substantial investment and losses in Fuqi common stock during the Class Period, Mr. Ovitt believes that he has the largest financial interest in the relief sought in the above referenced actions. Mr. Ovitt is, therefore, presumptively the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff on behalf of all investors in these actions.

Mr. Ovitt also satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules. Mr. Ovitt fully understands the Court-appointed Lead Plaintiff's duties and responsibilities to the Class under the PSLRA, and is willing and able to undertake the responsibility and work entailed in serving as Lead Plaintiff to ensure the vigorous prosecution of this action. Mr. Ovitt is also a sophisticated investor who is fully capable of supervising counsel in complex securities litigation. Indeed, Mr. Ovitt is currently serving as court-appointed Lead Plaintiff in another securities class action under the PSLRA. Accordingly, Mr.

---

[1] The Certification required by the PSLRA setting forth Mr. Ovitt's transactions in Fuqi common stock is attached as Ex. A to the Declaration of Gerald H. Silk ("Silk Decl."). In addition, a chart setting forth Mr. Ovitt's losses in Fuqi common stock is attached as Ex. B to the Silk Decl. These transactions and losses demonstrate that Mr. Ovitt has an extremely large financial interest in this matter – one believed to be greater than any competing movant.

Ovitt respectfully submits that he should be appointed Lead Plaintiff for investors in the above-referenced actions.

Mr. Ovitt also moves to consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules, as each action involves common questions of law or fact relating to Defendants' untrue statements about Fuqi's business and operations during the Class Period.

## FACTUAL AND PROCEDURAL BACKGROUND

Founded in 2001, Fuqi is engaged in designing, developing, promoting, and selling precious metal jewelry in the Peoples Republic of China. The Company sells basic gold jewelry, as well as a range of products, including rings, bracelets, necklaces, earrings, and pendants made from precious metals, such as platinum, gold, palladium, and karat gold. It also manufactures jewelry with diamond and other precious stone inlays, as well as gold coins and gold bars. Fuqi operates through its wholly owned subsidiary Fuqi International Holdings Co., Ltd. ("Fuqi BVI") and its wholly owned subsidiary, Shenzhen Fuqi Jewelry Co., Ltd. ("Fuqi China"). As of September 30, 2009, the Company had 79 jewelry retail counters and stores in China. Fuqi common stock trades on the NASDAQ Global Market under the ticker symbol "FUQI."

The complaints filed in this action each allege that during the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about Fuqi's business, operations, and prospects. Specifically, Defendants led investors to believe that Fuqi was adequately accounting for its inventory and cost of sales, preparing its financials in accordance with Generally Accepted Accounting Principles ("GAAP"), and employing sufficient internal and financial controls. Additionally, Defendants led investors to believe that Fuqi's financial statements, earnings releases, and SEC filings during the Class Period accurately represented the Company's financial condition. In truth, the Company overstated its income and

3

earnings throughout the Class Period, and lacked adequate controls to accurately account for its financial condition. Defendants' false and misleading statements and omissions artificially inflated the price of Fuqi common stock, which not only damaged the Class, but also enabled Fuqi to raise approximately $112 million from its July 2009 stock offering. Indeed, on July 22, 2009, Defendants filed a Final Prospectus Supplement (the "Prospectus") with the SEC to sell 4,855,000 shares of Fuqi common stock at a price of $21.50 per share. This stock offering, which provided for an overallotment of 675,000 shares, was underwritten by defendants William Blair & Co., Oppenheimer & Co., Inc., and Cowen and Company, LLC. The Prospectus included a summary of Fuqi's materially false and misleading financial data for the first quarter of 2009, ending March 31, 2009.

On March 16, 2010, Fuqi shocked investors by disclosing that it had identified several deficiencies that constituted a "material weakness" in its internal financial controls and admitted that these deficiencies had caused the Company to materially misstate its financial results for the first three quarters of 2009 based on the Company's accounting for its cost of sales. Accordingly, Fuqi announced that it was conducting an internal assessment of its internal controls as of December 31, 2009; that it was unable to timely file its 2009 annual report with the SEC; and that investors could no longer rely on the Company's previously issued quarterly financial statements for the periods ending March 31, 2009, June 30, 2009, and September 30, 2009. This devastating news caused Fuqi shares to plunge more than 35%, from $19.00 per share on March 16, 2010, prior to the announcement of the Company's accounting deficiencies, to close at $11.90 per share on March 17, 2010, the next full trading day.

On March 19, 2010, the first two of these related securities class actions, styled *Mahapatra v. Fuqi International, Inc., et al.*, No. 10-cv-2515-DAB and *Hodge v. Fuqi Int'l, Inc.*

4

*et al.* 10-cv-2544-DAB, were filed in this District asserting Exchange Act claims against certain of the Defendants. That same day, counsel for plaintiff Robert M. Hodge published a notice on *Business Wire* alerting investors to a Class Period of May 15, 2009 through March 17, 2010. *See* Silk Decl. Ex. C. On March 23, 2010, a subsequent notice was published informing investors that a complaint had been filed expanding the claims to include remedies under the Securities Act for purchases on or traceable to the July 2009 stock offering. *See* Silk Decl. Ex. D.

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the first-published notice. *See* 15 U.S.C. § 77z-1(a)(3)(A); 15 U.S.C. § 78u-4(a)(3)(A). Mr. Ovitt has satisfied this requirement by making this motion.

### ARGUMENT

#### I. Mr. Ovitt Should Be Appointed Lead Plaintiff

Mr. Ovitt respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of the class members." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the lead plaintiff in class actions arising under the securities laws and provides a presumption favoring the plaintiff with the largest financial interest in the action. Under the PSLRA, the Court "shall" adopt a presumption that the most adequate plaintiff is "the person or group of persons that…(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

### A. Mr. Ovitt Believes He Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Ovitt respectfully submits that he has the largest financial interest of any qualified movant in this action and should therefore be appointed Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). As a result of Fuqi's misconduct and the subsequent market correction of the price of Fuqi common stock, Mr. Ovitt sustained losses, calculated under the PSLRA, of $609,570.50. Mr. Ovitt's losses are the same whether calculated under a first-in, first-out ("FIFO") or last-in, first-out ("LIFO") basis.[2] In light of this extremely large financial interest, Mr. Ovitt believes he is entitled to the statutory presumption as the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Mr. Ovitt Satisfies the Relevant Requirements of Rule 23

Mr. Ovitt should also be appointed Lead Plaintiff because he "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Albert Fadem Trust*, 239 F. Supp. 2d at 347; *In re Olsten Corp. Sec. Litig*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998).

Of the four prerequisites to class certification, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (Buchwald, J.) (citation omitted). Furthermore, "at this stage of litigation, only a preliminary showing of typicality and

---

[2] Courts commonly employ both the "FIFO" and "LIFO" methods for calculating financial interest for purposes of appointing a Lead Plaintiff under the PSLRA. *See, e.g., In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825(NGG)(RER), 2007 WL 680779, at *7 n.10 (E.D.N.Y. Mar. 2, 2007) (noting that "Courts have recognized two potential accounting methods when assessing gains/losses that result from the purchase and sale of securities" and identifying FIFO and LIFO as those methods). Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward. Under the LIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward. Losses calculated on both a FIFO and LIFO basis for Mr. Ovitt are included in the chart attached as Exhibit B, to the Silk Decl.

6

adequacy is required." *Id.* (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)). As detailed below, Mr. Ovitt unquestionably satisfies these requirements.

### i. Mr. Ovitt's Claims Are Typical of the Claims of the Class

Mr. Ovitt satisfies the typicality requirements of Rule 23. Typicality can be established by showing that the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." *Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005) (Buchwald, J.) (internal citation and quotation marks omitted). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See id.* (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)).

Here, Mr. Ovitt's claims are typical of the claims of the members of the proposed class who also purchased or otherwise acquired Fuqi common stock at artificially inflated prices during the Class Period and suffered damages after the subsequent market correction. In sum, Mr. Ovitt satisfies the typicality requirement because, just like all other class members, he: (1) purchased or otherwise acquired Fuqi common stock during the applicable period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth about the Company was subsequently disclosed. *See Xianglin Shi*, 2005 WL 1561438, at *3 (finding typicality where movant "executed stock trades during the proposed class period at prices alleged to have been affected by the alleged conduct of the defendants" because "[t]hese claims are similar in substance to the allegations of the other class members, who claim similar injuries."). Mr. Ovitt and all class members therefore have identical, non-competing and non-conflicting interests in establishing Defendants' liability.

7

### ii. Mr. Ovitt Will Fairly and Adequately Represent the Interests of the Class

Mr. Ovitt will also fairly and adequately represent the Class. "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94.

Mr. Ovitt has demonstrated his adequacy by retaining highly experienced counsel, timely seeking appointment as Lead Plaintiff, and submitting a Certification reflecting his understanding of the obligations owed by the Lead Plaintiff to the Class. *See* Silk Decl. Ex. A.

Moreover, having suffered approximately $609,570.50 in losses as a result of the misconduct at Fuqi, Mr. Ovitt has a significant financial interest in the litigation and can be counted on to vigorously pursue recovery for the Class from all culpable parties. As such, the interests of Mr. Ovitt are perfectly aligned with those of the Class, and there is no evidence of any antagonism between Mr. Ovitt and the Class. In addition, Mr. Ovitt has experience overseeing the prosecution of a complex federal securities class action, as he is currently serving as Lead Plaintiff in *In re STEC, Inc. Securities Litigation*, No. SACV 09-01304-JVS (MLGx) (C.D. Cal.). Lastly, Mr. Ovitt has shown his adequacy by retaining highly qualified counsel with extensive experience in prosecuting securities class actions.

### II. This Court Should Approve Mr. Ovitt's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the

interests of the plaintiff class." H.R. Conf. Rep. No. 104-369 (1995), at *35, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995).

Mr. Ovitt has retained the law firm of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.

Bernstein Litowitz is among the preeminent securities class action law firms in the nation, having successfully prosecuted numerous complex securities class actions on behalf of investors. *See, e.g.*, Bernstein Litowitz's Firm Biography, attached as Ex. E to the Silk Decl. Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other examples in which courts have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation*, No. 05-CV-8626 (JSR) (S.D.N.Y.). In addition, Bernstein Litowitz currently serves as counsel for Mr. Ovitt before in *In re STEC, Inc. Securities Litigation*, No. SACV 09-01304-JVS (MLGx).

Accordingly, Mr. Ovitt's choice of experienced counsel should be appointed Lead Counsel for the Class.

### III.    The Related Actions Should Be Consolidated

Presently pending in this District are at least ten related securities class actions (the "Related Actions") brought pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The Related Actions are as follows:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Mahapatra v. Fuqi Int'l, Inc. et al* | 10-CV-2515 | March 19, 2010 |
| *Hodge v. Fuqi Int'l, Inc. et al* | 10-CV-2544 | March 19, 2010 |
| *Markey v. Fuqi Int'l, Inc. et al* | 10-CV-2556 | March 22, 2010 |
| *Hofflich v. Fuqi Corp. et al* | 10-CV-2610 | March 23, 2010 |
| *Cowie v. Fuqi Int'l, Inc. et al* | 10-CV-2611 | March 23, 2010 |
| *Fuchsberg Investment Partners v. Fuqi Int'l, Inc. et al* | 10-CV-2639 | March 24, 2010 |
| *Thompson v. Fuqi Int'l, Inc. et al* | 10-CV-2640 | March 24, 2010 |
| *Yang v. Fuqi Int'l, Inc. et al* | 10-CV-2654 | March 24, 2010 |
| *Pogashi v. Fuqi Int'l, Inc. et al* | 10-CV-2885 | April 2, 2010 |
| *Glick v. Fuqi Int'l, Inc. et al* | 10-CV-3007 | April 7, 2010 |
| *Cooper v. Fuqi Int'l, Inc. et al* | 10-CV-3024 | April 8, 2010 |

These actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements regarding Fuqi's finances and business operations. Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules. *See, e.g., Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 186 ("[T]his Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted); *Kaplan*, 240 F.R.D. at 92 (ordering consolidation where actions contained overlapping factual allegations that "defendants' statements to the investing public misrepresented or omitted to state material facts about the financial status of [the defendants]"); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal citation omitted).

## CONCLUSION

For the above reasons, Mr. Ovitt respectfully request that the Court: (i) appoint Mr. Ovitt as Lead Plaintiff; (ii) approve Mr. Ovitt's choice of counsel to serve as Lead Counsel for the

Class; (iii) consolidate all related actions; and (iv) grant such other relief as the Court may deem just and proper.

DATED: May 18, 2010
New York, New York

Respectfully submitted,
By:       /s/ Gerald H. Silk

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gerald H. Silk (GS-4565)
Avi Josefson (AJ-3532)
Laurence J. Hasson (LH-5834)
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Tel: 212-554-1400
Fax: 212-554-1444

*Counsel for Keith A. Ovitt and Proposed Lead Counsel for the Class*