UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
PRADEEP MAHAPATRA, Individually and on
Behalf of All others similarly
situated

                    Plaintiff,

          - against -                        10 Civ. 2515 (DAB)
                                             ORDER


FUQI INTERNATIONAL, INC, et al.,

                    Defendants.
----------------------------------------X
ROBERT M. HODGE, Individually and on
behalf of himself and All Others
Similarly Situated,

                    Plaintiff,

          - against -                        10 Civ. 2544 (DAB)
                                             ORDER


FUQI INTERNATIONAL, INC, et al.,

                    Defendants.
----------------------------------------X
THOMAS MARKEY, Individually and on
behalf of all others similarly
situated,

                    Plaintiff,

          - against -                        10 Civ. 2556 (DAB)
                                             ORDER


FUQI INTERNATIONAL, INC, et al.,

                    Defendants.
----------------------------------------X
JOEL A. HOFFLICH, on behalf of himself
and all others similarly situated,

                    Plaintiff,

          - against -                        10 Civ. 2610 (DAB)
                                             ORDER


FUQI CORPORATION, et al.,

                    Defendants.
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-10

```
------------------------------------X
```
CARLTON COWIE, on behalf of himself
and all others similarly situated,

                    Plaintiff,

           - against -                       10 Civ. 2611 (DAB)
                                           ORDER

FUQI INTERNATIONAL, INC, et al.,

                    Defendants.
```
------------------------------------X
```
FUCHSBERG INVESTMENT PARTNERS, On
behalf of Itself and All others
Similarly Situated,

                    Plaintiff,

           - against -                       10 Civ. 2639 (DAB)
                                           ORDER

FUQI INTERNATIONAL, INC, et al.,

                    Defendants,
```
------------------------------------X
```
TAMY DEE THOMPSON, Individually And
On Behalf Of All Others Similarly
Situated,

                    Plaintiff,

            - against -                       10 Civ. 2640 (DAB)
                                           ORDER

FUQI INTERNATIONAL, INC, et al.,

                    Defendants,
```
------------------------------------X
```
HAI RONG YANG, Individually and on
Behalf of All Others Similarly
Situated,

                    Plaintiff,

            - against -                       10 Civ. 2654 (DAB)
                                           ORDER

FUQI INTERNATIONAL, INC, et al.,

                    Defendants.
```
------------------------------------X
```

2

```
----------------------------------------X
```
HARRY POGASH, Individually and On
Behalf of All Others Similarly
Situated,

              Plaintiff,

       - against -                  10 Civ. 2885 (DAB)
                                     ORDER

FUQI INTERNATIONAL, INC, et al.,

              Defendants.
```
----------------------------------------X
```
SIDNEY and ELAINE GLICK, Individually
and On Behalf of All Others
Similarly Situated,

              Plaintiffs,

       - against -                  10 Civ. 3007 (DAB)
                                     ORDER

FUQI INTERNATIONAL, INC, et al.,

              Defendants.
```
----------------------------------------X
```
RICHARD C. STARKEY, derivatively on
behalf of Fuqi International, Inc.,

              Plaintiff,

       - against -                  10 Civ. 3326 (DAB)
                                     ORDER

YU KWAI CHONG, et al.,

              Defendants,
       - and -

FUQI INTERNATIONAL, INC.,

              Nominal Defendant.
```
----------------------------------------X
```
FRANK VANKY,

              Plaintiff,

       - against -                  10 Civ. 4028 (DAB)
                                     ORDER

YU KWAI CHONG, et al.,

               Defendants,
       - and -

FUQI INTERNATIONAL, INC.,

               Nominal Defendant.
```
----------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Pending before this Court are the ten above-captioned securities fraud class action lawsuits against Fuqi International, Inc., ("Fuqi"), a designer of precious metal jewelry, as well as certain individual officers, directors, and underwriters of the company.  The class actions allege claims under § 10(b), Rule 10b-5, and § 20(a) of the Exchange Act of 1934 ("Exchange Act").  Also pending before the Court are two shareholder derivative suits for the benefit of Nominal Defendant Fuqi.

Nine putative class members or groups of putative class members have each moved the Court for appointment as Lead Plaintiff and to appoint their choice of Lead Counsel pursuant to § 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA").  The nine putative class members have also moved to consolidate the ten class actions pursuant to Federal Rule of Civil Procedure 42(a).  For the following reasons, the PR Group's Motion for consolidation of the class actions, as well as its Motions for appointment as Lead Plaintiff and for appointment of Lead Counsel are GRANTED.  All other Motions for appointment as Lead Plaintiff and for appointment of Lead Counsel are DENIED.

## I. BACKGROUND

A Complaint was filed by Pradeep Mahapatra under Docket Number 10 Civ. 2515 on March 19, 2010, alleging under § 10(b),

Rule 10b-5, and § 20(a) that Defendant Fuqi issued materially false and misleading financial statements for the first, second, and third quarters of 2009, and that those misstatements were disclosed by Fuqi after the close of the market on March 16, 2010.

On March 19, 2010, notice of the class action in Pradeep Mahapatra v. Fuqi International, Inc., et al., 09 Civ. 2515, was published in Business Wire. (Twersky Decl., Ex. A.) That notice also advised members of the proposed Class of the 60-day deadline to move the Court to serve as Lead Plaintiff. (Id.)

A separate action was filed by Robert M. Hodge under Docket Number 10 Civ. 2544 on March 19, 2010, alleging essentially the same allegations against Defendant Fuqi as were made in 09 Civ. 2515. Additional suits alleging essentially the same allegations were brought by Thomas Markey on March 22, 2010 under Docket Number 10 Civ. 2556; Joel Hofflich on March 23, 2010 under Docket Number 10 Civ. 2610; Carlton Cowie on March 23, 2010 under Docket Number 10 Civ. 2611; Fuchsberg Investment Partners on March 23, 2010 under Docket Number 10 Civ. 2639; Tamy Dee Thompson on March 23, 2010 under Docket Number 10 Civ. 2640;[1] Hai Rong Yang on March 24, 2010 under Docket Number 10 Civ. 2654; Harry Pogash on April 2, 2010 under Docket Number 10 Civ. 2885; and Sidney and

---

[1] Unlike the remaining Complaints, whose claims are predicated only on § 10(b), Rule 10b-5, and § 20(a) of the Exchange Act of 1934, Plaintiff Tamy Dee Thompson also brings suit under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933. (Thompson Compl. ¶ 7.)

5

Elaine Glick on April 7, 2010 under Docket Number 10 Civ. 3007.

On April 15, 2010, Frank Vanky filed a shareholder derivative suit in the Supreme Court of the State of New York for New York County for the benefit of Nominal Defendant Fuqi, seeking monetary relief from certain current and former members of Fuqi's Board of Directors and executive officers and alleging breach of fiduciary duty, gross negligence, abuse of control, gross mismanagement, breach of contract, waste of corporate assets, and contribution and indemnification, arising from the same alleged 2009 misstatements and March 16, 2010 disclosure as the class action suits.  On May 14, 2010, Nominal Defendant Fuqi removed that matter to this Court, under Docket Number 10 Civ. 4023, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

On April 20, 2010 Richard C. Starkey, relying on the Court's diversity jurisdiction under 28 U.S.C. § 1332, filed a shareholder derivative suit under Docket Number 10 Civ. 3326 for the benefit of Nominal Defendant Fuqi.  That suit seeks monetary and injunctive relief from certain current and former members of Fuqi's Board of Directors and executive officers, alleging breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, all arising from the same alleged 2009 misstatements and March 16, 2010 disclosure as the class action suits.

On May 17, 2010, shareholders Frank Ma, James Blanchard, Walter Wagner, Larry Harp, and Raymond Kerlovich filed a motion

in 10 Civ. 2515, along with supporting memoranda of law and declarations, for appointment as Lead Plaintiff of the class, and to approve their choice as Lead Counsel for the class.

On May 18, 2010, shareholder Brent Evans, in combination with Plaintiffs Sidney and Elaine Glick, filed a motion, along with supporting memoranda and declarations, for consolidation of the class actions, for appointment as Lead Plaintiffs of the class, and to approve their choice of Lead Counsel for the class.

Also on May 18, 2010, shareholders Waldemar Mauer; Fuqi Investor Group; Michael Korns and Gilda Cabral; John Thayer; the PR Group; Charles Grenadier; and Keith A. Ovitt, each filed motions, along with supporting memoranda and declarations, for consolidation of the class actions, for appointment as Lead Plaintiff of the class, and for approval of their choice of Lead Counsel for the class.

No other class member or Plaintiff has filed a motion for appointment as Lead Plaintiff.

## II. DISCUSSION

A. Consolidation

Eight of the nine potential Lead Plaintiffs move to consolidate the ten class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may...(2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary costs or delay." Fed. R.
Civ. P. 42.   In such instances, district courts have "broad
discretion to determine whether consolidation is appropriate,"
and they "have taken the view that considerations of judicial
economy favor consolidation."   Johnson v. Celotex Corp., 899 F.2d
1281, 1285 (2d Cir. 1990).   "[S]o long as any confusion or
prejudice does not outweigh efficiency concerns, consolidation
will generally be appropriate."   Primavera Familienstiftung v.
Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); Pinkowitz v. Elan
Corp., PLC, No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y.
July 29, 2002) (quoting Primavera).

     All ten classes actions share common questions of law and
fact.   All ten Complaints assert claims under Section 10(b), Rule
10b-5, and Section 20(a) of the Exchange Act.   In addition, each
action is predicated upon the same alleged misstatements made in
Fuqi's financial statements during the first three quarters of
2010, as well as the disclosure of those misstatements on March
16, 2010.   (See Mahapatra Compl. ¶¶ 3, 7; Hodge Compl. ¶¶ 2, 49;
Markey Compl. ¶¶ 2, 4-5; Hofflich Compl. ¶¶ 2, 7; Cowie Compl. ¶¶
1, 8; Fuchsberg Investment Partners, Compl. ¶¶ 1, 4; Thompson
Compl. ¶¶ 5, 7; Yang Compl. ¶¶ 1, 4; Pogash Compl. ¶¶ 3, 6; Glick
Compl. ¶¶ 3-4, 8.)   While "district courts have 'broad
discretion' in determining the propriety of consolidation, this
Court has recognized that consolidation is particularly
appropriate in the context of securities class actions if the
complaints are 'based on the same public statements and reports.'"

_Glauser v. EVCI Career Colleges Holding Corp._, No. 05-cv-10240, 2006 WL 1302265, at *1 (S.D.N.Y. May 9, 2006).

Furthermore, it does not appear that any of the parties to these ten actions would be prejudiced by consolidation. Accordingly, the Court finds that consolidation of the ten actions is appropriate to promote judicial efficiency and to avoid unnecessary cost and delay. The consolidated class shall include all those who purchased or otherwise acquired Fuqi securities between May 15, 2009, when the first alleged misstatements were made, and March 16, 2010 and were damaged thereby.

Further, the Court consolidates the two derivative suits, which also arise out of the same alleged misstatements and disclosures, with the class actions, for purposes of discovery. (_See_ _Starkey_ Compl. ¶ 3; _Vanky_ Compl. ¶ 24.) The Court may consider, at a later date, whether the derivative suits should be consolidated with the class actions for trial as well. _See, e.g.,_ _Baughman v. Pall Corporation_, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (consolidating derivative action with class actions for discovery purposes and reserving decision on full consolidation for trial); _Glauser v. EVCI Career Colleges Holding Corp._, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (same).

B. Motion to Appoint Lead Plaintiff

The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the

9

suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed.  15 U.S.C. § 78u-4(a)(3)(A)(i).  No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

In addition, the PSLRA provides that:

> [T]he court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA.  The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)  (emphasis added).

This presumption, however, may be rebutted upon proof offered by another member of the purported class "that the

presumptively most adequate plaintiff -- (aa) will not fairly and
adequately protect the interests of the class; or (bb) is subject
to unique defenses that render such plaintiff incapable of
adequately representing the class." 15 U.S.C. § 78u-
4(a)(3)(B)(iii)(II).

In the now consolidated matter, nine class members or groups
of class members have outstanding motions for appointment as Lead
Plaintiff that were filed within 60 days of the March 19, 2010
notice published in Business Wire. Accordingly, each of these
motions meets the 60-day requirement of 15 U.S.C. § 78u-
4(a)(3)(A)(i)(II).

1. Largest Financial Interest Requirement

According to exhibits provided by the movants, the financial
interest of (1) Frank Ma, James Blanchard, Walter Wagner, Larry
Harp, and Raymond Kerlovich is $444,019.50, (Lasky Decl., Ex. 2);
(2) of Brent Evans, Sidney Click, and Elaine Glick is $44,330.60,
(Weiss Decl., Ex. C); (3) of Waldemar Mauer is $577,755.000, (Mem
of Law, Ex. 3); (4) of Fuqi Investor Group is $156,546.49,
(Kathrein Decl., Ex. B); (5) of Michael Korns and Gilda Cabral is
$797,114.63, (Vozzolo Decl., Exs. E and F); (6) of John Thayer is
$259,945.95, (Rosenfeld Decl., Ex. B); (7) of the PR Group is
$869,548.51, (Twersky Decl., Ex. C); (8) of Charles Grenadier is
$209,050.00, (Farris Decl., Ex. B); and (9) of Keith A. Ovitt is
$609,570.50, (Silk Decl., Ex. B).

Accordingly, the Court finds that because it has the largest
financial interest in the outcome the litigation, the PR Group is

11

the presumptive Lead Plaintiff.

    2. F.R.C.P. 23 Requirement

    The Rule 23 inquiry under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires.  <u>See</u> <u>Weinberg v. Atlas Worldwide Holdings, Inc.</u>, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[a] wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification") (internal quotations and citations omitted); <u>Pirelli Armstrong Tire Corp. v. Labranche & Co., Inc.</u>, No. 03 Civ. 8264, 2004 WL 1179311, at *14 (S.D.N.Y. May 27, 2004) (same) (citing <u>Weinberg</u>).  At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. <u>Weinberg</u>, 216 F.R.D. at 252; <u>see also</u> <u>Weltz v. Lee</u>, No. 00 Civ. 3863, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001).  Any preliminary class certification findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification.  <u>See</u> <u>Weltz</u>, 2001 WL 228412, at *5; <u>see also</u> <u>Koppel v. 4987 Corp.</u>, Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

### i. Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." <u>In re Oxford Health Plans</u>, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (citing <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992)). This requirement "does not require that the factual background of [the lead plaintiff's] claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the [lead plaintiff's] claim as to that of other members of the proposed class." <u>Caridad v. Metro-North Commuter Railroad</u>, 191 F.3d 283, 293 (2d Cir. 1999) (internal quotations and citations omitted).

The PR Group's claims are typical of those of the proposed class. Like other proposed class members, the PR Group allegedly acquired Fuqi securities during the class period resulting in damages under the federal securities laws. (<u>See</u> Twersky Decl., Ex. C.) The PR Group's claims therefore arise from the same factual predicate as those in the ten class action Complaints. Accordingly, the Court finds that the PR Group satisfies Rule 23's typicality requirement.

### ii. Adequacy

The adequacy requirement is satisfied if (1) the interests of the class members are not antagonistic to one another; and (2) the class counsel is qualified, experienced, and generally able

to conduct the litigation.   <u>In re Flag Telecom Holdings, Ltd.
Securities Litigation</u>, 245 F.R.D. 147, 160 (S.D.N.Y. 2007)
(citing <u>Baffa v. Donaldson, Lufkin & Jenrette Securities Corp</u>.
222 F.3d 52, 60 (2d Cir. 2000)).

The PR Group also satisfies the adequacy requirement.
Exhibit D of the Twersky Declaration, filed in support of the PR
Group's motion, suggests to this Court that the firm of Abraham,
Fruchter & Twersky, LLP, counsel for the PR Group, is generally
able to conduct the litigation.   This conclusion is supported by
the firm's résumé.   (<u>See</u> Twersky Decl. Ex. D, at 1 (indicating
that the firm has significant experience in prosecuting
securities class actions.))   Further, it does not appear that any
antagonism exists among class members.   Accordingly, the Court
finds that the PR Group is the most adequate Lead Plaintiff.


iii. Presumption of Adequacy Not Rebutted

The most adequate plaintiff presumption "may be rebutted
only upon proof by a member of the purported plaintiff class that
the presumptively most adequate plaintiff-- (aa) will not fairly
and adequately protect the interests of the class; or (bb) is
subject to unique defenses that render such plaintiff incapable
of adequately representing the class."   15 U.S.C. § 78u-
4(a)(3)(B)(iii)(II).   Here, movants Michael Korns and Gilda
Cabral contend that, absent evidence to the contrary, "the only
assumption this Court can draw from these circumstances is that
the PR Group is lawyer-driven – cobbled together for the purpose
of creating the largest financial interest and winning
14

appointment as lead plaintiff." (Korns and Cabral Mem. Of Law,
4; see also, Ovitt Mem. Of Law, 4)  Further, Korns and Cabral
argue that because Congress intended the lead plaintiff
provisions of the securities laws to support client-driven
litigation, groups such as the PR Group, which combined multiple
entities, should not be permitted to serve as lead plaintiff.
(Korns and Cabral Mem. Of Law, 4; Ovitt Mem. Of Law, 4.)

However, this position "is now the minority view." Reimer
v. Amblac Financial Group, Inc., 2008 WL 2073931, at *2 (S.D.N.Y.
May 9, 2008) (quoting Wetz v. Lee, 299 F.R.D. 129, 132).
Further, although the Second Circuit has not addressed the issue,
courts in this jurisdiction, as well as the Third Circuit, have
appointed groups of unrelated investors as lead plaintiffs as
long those groups are not too large and have "evinced an ability
(and a desire) to work collectively to manage the litigation" so
that they are able to "cooperate[] and pursu[e] the litigation
separately and apart from their lawyers." Id. (citing In re
Cendent Corporation Litigation, 264 F.3d 201, 266-67 (3d Cir.
2001); In re Tarragon Group Sec. Litig., 2007 WL 4302732, at *2
(S.D.N.Y. Dec. 6, 2007)); see also In re Bank of America Corp.
Securities, Derivative and ERISA Litig., 258 F.R.D. 260,
(S.D.N.Y. 2009) (finding that unrelated groups of investors could
act as lead plaintiff where they had "shown that they are able to
function cohesively and to effectively manage the litigation"
through the submission of evidence of their cooperative efforts
and joint decision-making); Varghese v. China Shenghuo
Pharmaceutical Holdings, Inc., 589 F.Supp.2d 388, 392-93

(S.D.N.Y. 2008) (same).

Here, the members of the PR Group have submitted a joint
declaration, stating, inter alia, that they each "understand that
[they] are part of a group seeking to be jointly appointed as
Lead Plaintiff" and explaining that they "plan to communicate and
work cooperatively with the other members of the group to
prosecute this action collectively as Lead Plaintiff." (Levit
Decl., Ex. A. (hereinafter "Joint Declaration"), ¶ 6.) The PR
Group members also declare that they are familiar with the
requirements and responsibilities of being a lead plaintiff and
with the status and facts of this particular case. (Joint
Declaration, ¶ 8.) Finally, they declare that they are aware
that they must direct lead counsel with respect to the direction
of the litigation, and that the PR Group has already, (Joint
Declaration, ¶ 11), and will continue to "communicate as a group
as often as necessary to ensure the vigorous and efficient
prosecution of th[e] case," including "regarding major litigation
events, such as motions, settlement discussions, trial
preparation, and trial." (Joint Declaration, ¶¶ 9-10.)

The Court finds that this submission satisfactorily evinces
the PR Group's "ability (and a desire) to work collectively to
manage the litigation" so that they are able to "cooperate[] and
pursu[e] the litigation separately and apart from their lawyers."
Reimer, 2008 WL 2073931, at *2. Accordingly, the other movants
have not rebutted the presumption established by the factors
under § 78u-4(a)(3)(B)(iii)(I) and the PR Group is appointed Lead
Plaintiff for the now consolidated Fuqi class action currently

16

pending before this Court.

C. Appointment of Lead Counsel

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

The PR Group has selected Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. As discussed above, the Court finds that the PR Group's choice of counsel is qualified to prosecute this securities class action. Accordingly, this Court approves the selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel.

### III. CONCLUSION

Having considered the consolidation of the Mahapatra, Hodge, Markey, Hofflich, Cowie, Fuchsberg Investment Partners, Thompson, Yang, Pogash, Glick, Starkey, and Vanky actions pursuant to Federal Rule of Civil Procedure 42(a) and the Motion for Appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA, IT IS HEREBY ORDERED THAT:

1.   The following ten class actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to F.R.C.P. 42(a):

Mahapatra v. Fuqi International, et al., 10 Civ. 2515 (DAB)

Hodge v. Fuqi International, et al., 10 Civ. 2544 (DAB)

Markey v. Fuqi International, et al., 10 Civ. 2556 (DAB)

Hofflich v. Fuqi International, et al., 10 Civ. 2610 (DAB)

Cowie v. Fuqi International, et al., 10 Civ. 2611 (DAB)

Fuchsberg Investment Partners v. Fuqi International, et al., 10 Civ. 2639 (DAB)

Thompson v. Fuqi International, et al., 10 Civ. 2640 (DAB)

Yang v. Fuqi International, et al., 10 Civ. 2654 (DAB)

Pogash v. Fuqi International, et al., 10 Civ. 2885 (DAB)

Glick v. Fuqi International, et al., 10 Civ. 3007 (DAB)

2.     The caption of these consolidated actions shall be "In re Fuqi International, Inc. Securities Litigation" and the files of these consolidated actions shall be maintained in one file under Master File No. 10 Civ. 2515 (DAB).  Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified case shall be consolidated for all purposes, if and when they are brought to the Court's attention.

3.     Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
In re FUQI INTERNATIONAL, INC :        10 Civ. 2515 (DAB)
SECURITIES LITIGATION          :
-----------------------------X
This Document Relates To:      :
                               :
-----------------------------X
```

4.     When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in

18

the caption set out above.  When a pleading is intended to be applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

5.     When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket.  No further copies need to be filed, and no other docket entries need be made.

6.     When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

7.     The Court directs counsel to bring to the attention of the Clerk of Court the filing or transfer of any case that should be consolidated as part of <u>In re Fuqi International, Inc.</u> <u>Securities Litigation</u>.

8.     The PR Group's Motion for Appointment as Lead Plaintiff is GRANTED.

9.     The law firm of Abraham, Fruchter & Twersky, LLP is appointed Lead Counsel.

10.     The Clerk of Court is hereby directed to terminate all other motions for consolidation, to appoint lead plaintiff or to

appoint lead counsel in actions 10 Civ. 2515, 10 Civ. 2544, 10 Civ. 2556, 10 Civ. 2610, 10 Civ. 2611, 10 Civ. 2639, 10 Civ. 2640, 10 Civ. 2654, 10 Civ. 2885, and 10 Civ. 3007.

11.   The following two shareholder derivative actions are hereby consolidated with In re Fuqi International, Inc. Securities Litigation for purposes of discovery pursuant to F.R.C.P. 42(a):

Starkey v. Yu Kwai Chong, et al., 10 Civ. 3326 (DAB)

Vanky v. Yu Kwai Chong, et al., 10 Civ. 4023 (DAB)

12.   Lead Plaintiff shall file a Consolidated Complaint in the consolidated class action within 30 days of the date of this Order.

13.   The Defendants shall move or answer within 20 days after filing of the Consolidated Complaint.

SO ORDERED.

Dated:   New York, New York

July 26   , 2010

DEBORAH A. BATTS
United States District Judge

20