UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FUQI INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No. 1:10-cv-02515-DAB<br><br>ECF Case |

# DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT

I, LAYN R. PHILLIPS, declare as follows:

1. I mediated the Settlement of this matter. I make this declaration in support of the Settlement in this action.

2. I am a former United States Attorney and former United States District Judge. I resigned from the federal bench in 1991. From 1991 until 2014, I was a partner in the Newport Beach office of Irell & Manella LLP, where I practiced complex civil litigation, internal investigations and alternative dispute resolution. I am now the founder and lead mediator at Phillips ADR Enterprises, P.C., formed in November 2014.

3. For over 20 years, I have successfully mediated high-stakes civil disputes for Fortune 500 companies nationwide. I have mediated hundreds of disputes referred by private parties and courts, and have been appointed a Special Master by various federal courts in complex civil proceedings. I have also served as a Fellow in the American College of Trial Lawyers. In addition, I have been nationally recognized as a mediator by the Center for Public Resources Institute for Dispute Resolution (CPR), serving on CPR's National Panel of Distinguished Neutrals.

4. The mediation process in this case, like the litigation, was hard fought on both sides. In addition to the mediation session described below, I mediated this matter through numerous telephone calls, emails, and written submissions with both sides. There is no doubt that the Settlement is the result of hard-fought, arm's-length negotiations and is the best Settlement that the Class could obtain.

5. On December 12, 2013, the parties participated in a full-day mediation session before me, which extended into the early evening. Prior to that mediation session, the parties provided me with extensive briefing on the current procedural and factual status of the litigation. I reviewed the parties' mediation statements, the operative complaint, the Court's docket, and various other

pleadings. Members of my mediation support team, which includes experienced attorneys at my firm, also assisted me in analyzing the legal and factual issues in this matter.

6. Plaintiffs were represented at this mediation by members of Lead counsel, and several other experienced attorneys. Fuqi was represented by its respective counsel, which included partners from large and prominent law firms.

7. The mediation process is confidential. Without discussing specifics of the negotiations, the $7.5 million Settlement provides the Class with a significant recovery and avoids the considerable hurdles of motions to dismiss and oppositions to motions for class certification. The Settlement is also significant considering the prospect of potentially losing motions in limine, summary judgment motions, and/or *Daubert* motions to exclude expert testimony. The Settlement also avoids the significant expense and likely years of further litigation to achieve and recover upon a judgment.

8. Moreover, the Settlement in this case was particularly noteworthy because the corporate defendant, Fuqi International, Inc., as well as several of its top executives, were located in China, and I was informed by the parties that all of its assets were located in China. In addition, one of its insurance carriers was a Chinese company. It is my understanding, based on the research of the parties and my discussions with them, that it would have been difficult for the plaintiffs to enforce any judgment against those Chinese-located defendants and that whether a Chinese court would enforce any judgment was undecided but not one on which plaintiffs could rely.

9. I have been involved in many mediations of securities claims involving companies located in China and believe that the Settlement proposed in this action is one of the largest recoveries obtained in such actions. Given the problems of enforcement and collection, it is an excellent recovery.

10.     After the parties reached agreement at the mediation, they negotiated the terms of a Settlement Agreement and related documents.

11.     After presiding over the mediation process in this case, I am convinced that the parties' Settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith. The parties were represented by highly skilled and experienced counsel, who were extremely knowledgeable and clearly had spent a considerable amount of time developing the law and facts in this complex litigation. I believe the Settlement reflects counsels' informed assessments of the best interests of their respective clients.

12.     Based on my knowledge of the issues in dispute, my review of the materials presented before and at the mediation sessions, the rigor of the negotiations, and the benefits achieved in the Settlement, I believe that the terms of the Settlement are fair, adequate, reasonable and in the best interests of the Settlement Class. Therefore, I respectfully endorse both preliminary and final approval of the Settlement by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of January, 2015, at Newport Beach, California.

_____
Layn R. Phillips
Former U.S. District Court Judge

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2015

                                             s/ Lawrence D. Levit
                                             LAWRENCE D. LEVIT

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone:  212/279-5050
Fax:             212/279-3655

E-mail:  llevit@aftlaw.com

# Mailing Information for a Case 1:10-cv-02515-DAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Robert William Brownlie**
  robert.brownlie@dlapiper.com,eloy.rodriguez@dlapiper.com,bonny.yang@dlapiper.com,maria.valentino@dlapiper.com

- **Marvin Lawrence Frank**
  mfrank@frankandbianco.com

- **Marc Ian Gross**
  migross@pomlaw.com

- **Leigh R. Lasky**
  lasky@laskyrifkind.com

- **Lawrence Donald Levit**
  llevit@aftlaw.com

- **Joel M. Mitnick**
  jmitnick@sidley.com,nyefiling@sidley.com

- **Brian Philip Murray**
  bmurray@glancylaw.com

- **David S. Nalven**
  davidn@hbsslaw.com,peterb@hbsslaw.com,Seanh@hbsslaw.com,sf_filings@hbsslaw.com,reed@hbsslaw.com

- **Thomas Andrew Paskowitz**
  tpaskowitz@sidley.com,nyefiling@sidley.com

- **David Steven Preminger**
  dpreminger@kellerrohrback.com,dwilcher@kellerrohrback.com

- **Ex Kanos S Sams , II**
  esams@glancylaw.com

- **Caryn Gail Schechtman**
  caryn.schechtman@dlapiper.com,bonny.yang@dlapiper.com,DocketingNewYork@dlapiper.com

- **Gerald H. Silk**
  jerry@blbglaw.com,errol.hall@blbglaw.com,ross@blbglaw.com

- **Ximena R. Skovron**
  xskovron@aftlaw.com

- **Grayson Douglas Stratton**
  gray.stratton@dlapiper.com

- **Mitchell M.Z. Twersky**
  mtwersky@aftlaw.com

- **Antonio Vozzolo**

avozzolo@faruqilaw.com,ecf@faruqilaw.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,exec@weisslawllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Joel A. Hofflich
,
```