IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
IN RE FUQI INTERNATIONAL, INC.         :    10 Civ. 2515 (JMF)
SECURITIES LITIGATION                   :
:
:
------------------------------------------------------------------------X
:
This Document Relates To:               :
All Actions                              :
:
:
------------------------------------------------------------------------X

## [PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF THE REMAINING FUNDS IN THE NET SETTLEMENT FUND

WHEREAS, by its Order dated November 21, 2014 (ECF No. 93), the late Honorable Deborah A. Batts approved the terms of the Stipulation of Settlement dated as of September 8, 2014 (the "Stipulation") in the above-captioned action (the "Action") and the Plan of Allocation[1] for distributing the Settlement proceeds to Class Members; and

WHEREAS, on May 22, 2017, Judge Batts issued an Order (the "Distribution Order") providing for distribution of the Net Settlement Fund to those Class Members who submitted valid Proofs of Claim, were found to be Authorized Claimants, and would receive at least $20.00 in the distribution, as determined by the Court-appointed Claims Administrator, Angeion Group ("Angeion"). ECF Nos. 109-2 at 16, 121; and

---

[1] Capitalized terms not defined herein shall have the meaning defined in the Stipulation and attached exhibits (ECF Nos. 92-1 to 92-8), the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement (the "Preliminary Approval Order") (ECF No. 93), or in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") (ECF Nos. 109-1, 109-2).

WHEREAS, pursuant to the Court's Distribution Order, Angeion sent checks to the applicable Authorized Claimants; and

WHEREAS, after the distribution occurred, Angeion made repeated efforts to contact those Authorized Claimants who were sent a check that was not cashed within six months of its issuing date, and reissued checks, as necessary, in an effort to ensure that all Authorized Claimants received and cashed their share of the Net Settlement Fund; and

WHEREAS, after Angeion performed its comprehensive outreach program, there remains $40,957.12 in the Net Settlement Fund from uncashed or returned checks sent to Authorized Claimants that are no longer valid. *See* ECF No. 122-1 (Declaration of Markham Sherwood in Support of Final Distribution of the Net Settlement Fund (the "Sherwood Declaration")) at ¶ 9; and

WHEREAS, four claimants, who submitted timely claims, but did not receive a payment from the Net Settlement Fund because Angeion determined those claims did not result in a Recognized Loss pursuant to the Plan of Allocation (primarily because sufficient documentation was not submitted to show that a Recognized Loss was incurred) have since provided the necessary information and/or documentation demonstrating that their respective claims were valid because a Recognized Loss was in fact incurred (the "Unpaid Claimants"). *See* ECF No. 122-1 at ¶ 10; and

WHEREAS, these four Unpaid Claimants were not included in the distribution of the Net Settlement Fund because they did not timely cure their deficient claims but nonetheless timely submitted their claims and were ultimately found by Angeion after the submission of sufficient documentation to have sustained a Recognized Loss and had they participated in the distribution of the Net Settlement Fund would have collectively received as their *pro rata* share the sum of $46,109.25. *See* ECF No. 122-1 at ¶ 10; and

WHEREAS, Angeion recommends that the most equitable and economical use of the remaining balance in the Net Settlement Fund is for it to be distributed to the four Unpaid Claimants, on a *pro rata* basis, rather than being distributed as a second distribution to all Authorized Claimants given, among other things, the administrative costs involved. *See* ECF No. 122-1 at ¶¶ 10-12; and

WHEREAS, the Stipulation allows Class Counsel to reallocate any balance remaining in the Net Settlement Fund, after the initial distribution, in "an equitable and economic fashion." ECF Nos. 92-1, 92-2, 92-3 (Stipulation ¶ 5.6); and

WHEREAS, Angeion requests that it be reimbursed the amount of $2,750.00 for the costs it incurred in filing tax returns for the Settlement Fund through 2022. *See* ECF No. 122-1 at ¶ 10; and

WHEREAS, Lead Counsel accordingly now seeks authorization to distribute the remainder of the proceeds of the Net Settlement Fund (after the payment of costs incurred by Angeion) to the four Unpaid Claimants identified by Angeion; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement, the processing of Proofs of Claim and the distribution of the Net Settlement Fund;

NOW, THEREFORE, upon reading and filing of: (1) the Letter-Motion filed with the Court on December 22, 2022 (ECF No. 122); (2) the Sherwood Declaration, attached as an exhibit to the Letter-Motion (ECF No. 122-1); and (3) upon all prior proceedings heretofore, and after due deliberation, it is hereby:

ORDERED, that Angeion shall be paid $2,750.00 from the Net Settlement Fund for costs it incurred in filing tax returns for the Settlement Fund through 2022; and it is further

ORDERED, that Angeion shall distribute the remainder of the Net Settlement Fund of $38,207.12 to the four Unpaid Claimants, on a pro rata basis; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED

this  Sixth   day of  January      , 2023
New York, New York

_____
THE HONORABLE JESSE M. FURMAN
United States District Judge

The Clerk of Court is directed to to close the case.

4